IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                    No. CR 10-0773 JB

JOHN LEONARD TSOSIE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Opposed Motion to Continue Trial Setting, filed October 22, 2010 (Doc. 38). The Court held a hearing on November 2, 2010. The primary issue is whether the Court should continue the trial, currently set for November 15, 2010, so that Defendant John Leonard Tsosie may undergo medical surgery on November 17, 2010. Because the Court concludes that Tsosie's need to undergo surgery outweighs his and the public's interests in a speedy trial, the Court will grant his request that the Court continue his trial until January, 2010.

## FACTUAL BACKGROUND

Manuel and Loretta Johnson died in an automobile accident. The United States contends that Tsosie caused the Johnsons' deaths while driving his vehicle recklessly and while intoxicated. The evidence supporting the charges includes Tsosie's Blood Alcohol Content being at or above the presumptive legal limit for intoxication, speeding, failing to brake, and being asleep at the wheel of his SUV. Tsosie also received injuries in the automobile crash.

**PROCEDURAL BACKGROUND**

On March 24, 2010, Tsosie was charged with two counts of involuntary manslaughter in violation of 18 U.S.C. § 1112. Tsosie faces sixteen-years imprisonment for the charges. Tsosie is not in custody. He is living at home and working. The United States Magistrate Judges have modified Tsosie's conditions of release a number of times to allow him to travel to Phoenix, Arizona for work and medical treatment.

On October 6, 2010, the United States filed its notice of intent to introduce expert testimony. See Notice of Intent to Introduce Expert Witness Testimony Pursuant to Rules 702, 703 and 705, filed October 6, 2010 (Doc. 37). On November 1, 2010, after filing the Motion before the Court, Tsosie moved the Court to conduct a Daubert hearing. See Defendant's Unopposed Motion for Daubert Hearing, filed November 1, 2010 (Doc. 41).

Trial in Tsosie's matter is currently set for November 15, 2010. At the time that Tsosie filed his motion to continue, his counsel, Sam Winder, was also scheduled to be in trial on November 15, 2010 in United States v. Leonardo Valentino "Tino" Gonzales, CR No. 10-1560 MV. Tsosie's matter, however, is older than Gonzales' case, and on October 13, 2010, Tsosie's counsel, Sam Winder, filed an Unopposed Motion to Continue Trial Setting in United States v. Gonzales. At the time Tsosie filed his reply brief, Mr. Winder was also scheduled to be in two other trials on November 15, 2010: New Mexico v. Shawn Simplicio, DV No. 3391-10, and New Mexico v. Judith Ortega, D-412-CR-2009174. Motions to continue are pending in both of cases.

In addition, Tsosie has been undergoing medical treatment for the past several months. Several days before he filed his motion to continue the trial, Tsosie informed Mr. Winder that one of his physicians has highly recommended medical surgery. On October 21, 2010, Tsosie confirmed through his physician, Dr. Michael Castro, an Orthopedic Surgeon, that fusion surgery is needed.

Tsosie represents that the surgery is needed for medical reasons. On October 22, 2010 -- the eve of the Court's deadline to file motions for the November 15, 2010 trial -- Tsosie filed his motion to continue the trial.

Mr. Winder represents in the written motion that, upon information and belief, Dr. Castro has informed Tsosie that the surgical procedure must be done as soon as possible. Dr. Castro has scheduled the surgery for November 17, 2010.[1] Tsosie represents that he will need to recover for eight weeks after the surgery.

Tsosie moves the Court for an order to continue the trial currently set for November 15, 2010, at 9:00 a.m. before the Court and to continue this case until the Court's January 2010 jury trailing docket.[2] Tsosie does not object to this time period being excluded, pursuant to 18 U.S.C. § 3161(h)(7)(A), in computing the time within which the trial must commence. Tsosie also requests that the Court conduct a hearing to address this matter.

Assistant United States Attorney Kyle Nayback opposes this motion. On October 25, 2010, the United States filed its Response to Defendant's Third Motion to Continue November 15, 2010 Trial Setting. See Doc. 39. In its response to Tsosie's motion, the United States argues that this matter should proceed on November 15, 2010. The United States also urges the Court to obtain more specific evidence, either through testimony or sworn affidavit that the surgery is medically necessary, how long any recovery time might be, and whether the surgery cannot wait until after a

---

[1] In Tsosie's motion, Tsosie's attorney inadvertently stated the surgery is scheduled for November 15, 2010, but corrected this date in his Opposed Motion to Continue Trial Setting, filed November 1, 2010 (Doc. 42).

[2] Tsosie originally moved the Court to schedule his trial on the Court's December 2010 trailing docket, but upon learning that his surgery would require eight weeks of recovery, Tsosie now requests to be placed on the Court's January 2011 trailing docket.

trial. Ultimately, however, the United States requests that the Court deny Tsosie's motion to continue the current trial setting of November 15, 2010.

Tsosie filed a reply on November 1, 2010. See Opposed Motion to Continue Trial Setting. Despite its title, the document replies to the United States' Response to Defendant's Third Motion to Continue November 15, 2010 Trial Setting, renews his request that the Court grant an order to continue the trial currently set for November 15, 2010 at 9:00 a.m. before the Court, and to continue this case until the Court's January 2011 jury trial docket.

## ANALYSIS

The United States maintains that the victims' families seek justice and that, particularly in this case, justice delayed is justice denied. The United States also contends that there is no incentive for Tsosie to proceed to trial. At the time the United States filed its Response, Tsosie had not yet moved for a Daubert Hearing. The United States acknowledges that Tsosie is not required to identify experts, challenge under Daubert the United States' expert witness, or file any motions, but suggests his lack of action on this matter causes concern that the only basis for the continuance request is to delay the matter.

In his written motion filed on October 22, 2010, Tsosie's counsel cites his trial in United States v. Leonardo Valentino "Tino" Gonzales, CR No. 10-1560 MV as grounds to continue this matter. Tsosie's attorney has filed an unopposed motion to continue the trial of that case, and Tsosie's case is older. Similarly, motions to continue are pending in both New Mexico v. Shawn Simplicio, DV No. 3391-10, and New Mexico v. Judith Ortega, D-412-CR-2009174. These cases are not a compelling reason to grant Tsosie's motion at this time.

The only other bases Tsosie and his counsel cite for a continuance are: (I) the need for Tsosie to have fusion surgery; and (ii) the need now for Daubert hearings. Tsosie contends that the surgery

is medically necessary and that his doctor has scheduled surgery two days after trial is scheduled to start. The United States maintains that, while Tsosie offers to the Court that the surgery is necessary for medical reasons, this bare assertion would not seem to meet the threshold necessary for the Court to make specific findings consistent with the United States Court of Appeals for the Tenth Circuit's ruling in United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009).

Tsosie replies that the surgery is needed because Tsosie is in excruciating pain. At the November 2, 2010 hearing, Tsosie presented exhibits to the Court documenting his medical condition, including a letter from Dr. Castro dated September 20, 2010. See Exhibit A to Clerk's Minutes, filed November 2, 2010 (Doc. 44). Dr. Castro performed a complete examination of Tsosie. Before being evaluated by Dr. Castro, Tsosie's condition had been treated with physical therapy and medication. Tsosie described his pain as aching and moderate to severe, Dr. Castro reports, and Tsosie was not in acute distress during the examination. In September 2010, Dr. Castro recommended either bracing Tsosie ankle to completely immobilize it or performing fusion surgery.

Fusion surgery involves removing the cartilage from the ankle joint area. Tsosie explains that the ankle bones in the right ankle will be fused together in preparation for an ankle replacement surgery. Tsosie asserts that he is in excruciating pain and had to go to the emergency room in Gallup, New Mexico on October 29, 2010 because of swelling in his right ankle. Tsosie received pain medication and was advised not to be on his feet for a few days. Tsosie further contends that Dr. Castro now advises that surgery is necessary and should be performed as soon as possible. Tsosie continues to be in pain and asserts that he may be unable to sit upright for more than a couple of hours. Tsosie further warns that he may be unable to properly assist in his defense if he is not permitted to have the surgery before trial.

Based upon the facts before the Court, the Court finds that an order vacating the November

trial and moving the trial to the January trailing docket best serves the ends of justice. The Court finds that Tsosie is in pain and is being treated with pain medication, and these factors may impair his ability to properly assist in his defense. Tsosie is presumed innocent, and not guilty, and there is no sound reason to endanger Tsosie's health or to jeopardize Tsosie's ability to assist in his defense to rush through his trial. While the Court understands the desire of the United States' and of the alleged victims' families to bring this matter to a resolution as soon as possible, the Court is also concerned about Mr. Winder's comments that he cannot provide effective assistance of counsel if the Court forces him and Tsosie to trial on November 15, 2010. Nothing is to be gained rushing to trial this month if justice is not done. It would be better for Tsosie to have his surgery, the Daubert hearings scheduled, and Mr. Winder to clear his calendar for a trial in January, than to try to do it now when neither Mr. Winder nor Tsosie are ready for trial. After weighing the best interests of the public and of Tsosie with the ends of justice, the Court finds that granting the continuance of two months will strike a proper balance between the ends of justice, and the best interests of the public and of Tsosie, primarily because there is no sound reason to delay his surgery because of this trial. Specifically, Tsosie's need for the medical surgery and to be able to participate in his own defense outweighs his and the public's interests in a speedy trial or, more precisely, a trial in November rather than one in January. See 18 U.S.C. § 3161(h)(7)(A). The Court will thus enter an order continuing the trial set for November 15, 2010, at 9:00 a.m.

   **IT IS ORDERED** that the Defendant's Opposed Motion to Continue Trial Setting, filed October 22, 2010 (Doc. 38), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Kyle T. Nayback
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Samuel L. Winder
Law Office of Samuel L. Winder, LLC
Albuquerque, New Mexico

    *Attorneys for the Defendant*