IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | CR. No. 10-773-JB |
| JOHN LEONARD TSOSIE, | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION *IN LIMINE* FOR *DAUBERT* RULING REGARDING THE ADMISSIBILITY AND SCOPE OF DEFENDANT'S PROPOSED EXPERT TESTIMONY**

The United States of America moves this Court for a hearing prior to trial regarding the admissibility and scope of defense-proposed expert testimony by Edward Reyes. As grounds, the United States asserts:

1. On April 12, 2011, Defendant filed a notice of Intent to Introduce Expert Witness Testimony Pursuant to Rules 702, 703 and 705. This notice was filed *13 months* after Defendant was indicted by a grand jury. As of the date of this filing, the United States has not received a written report by Dr. Reyes, nor his curriculum vitae.

2. Defendant states that Dr. Reyes will testify that the Defendant's blood alcohol content was between .07 and .08 g/100ml at the time of the collision. Without a written report, this summary statement is insufficient to comport with notice requirements and certainly insufficient to comply with *Daubert*.

3. The United States will request complete studies of supporting authority for his opinions and conclusions as well as a pre-hearing meeting. Upon information and belief,

Dr. Reyes is not a forensic toxicologist, and is not qualified to testify regarding retrograde extrapolation of the Defendant's blood alcohol content. The United States requests an examination to determine whether his opinions, whatever those may be, are not outside his area of expertise and are based on sufficient facts and reliable methods.

4. Admission at trial of expert testimony is governed by Fed.R.Evid. 702, which imposes on the district court a gatekeeper function to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). The touchstone for relevance, in this context, is whether "the evidence or testimony [will] assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.* at 591.

5. The United States moves this Court to conduct a pre-trial hearing to determine whether the proposed expert's testimony is admissible in whole, or in part, under the Federal Rules of Evidence, Rule 702. Specifically, the United States requests, pursuant to *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), that the Court exercise its "special gatekeeping obligation" and determine whether the proposed testimony of Dr. Reyes is admissible to any extent and whether the methodology used to form his opinions has "a reliable basis in knowledge and experience" in his discipline. 526 U.S. 137, 152 (1999); *see also Dodge v. Cotter*, 328 F.3d 1212 (10th Cir. 2003). Indeed, upon information and belief, Mr. Reyes is a pharmacologist and not a forensic toxicologist.

6. Should this Court determine that Dr. Reyes is qualified to give any opinion in this matter, the United States further requests that this Court address the scope of Mr. Reyes'

testimony before trial to save unnecessary and lengthy hearings during trial out of the presence of the jury.

7. It is presumed that defense counsel opposes the relief requested.

WHEREFORE, the United States respectfully requests this Court conduct a hearing prior to trial, at which the United States may challenge Dr. Reyes regarding his proposed expert testimony, to promote efficiency at trial and to allow the Court to better determine the appropriateness of any expert evidence to be presented to the jury.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

*Electronically filed on 04/15/11*
KYLE T. NAYBACK
Assistant United States Attorney

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system which caused counsel for Defendant to be served by electronic means, as reflected on the Notice of Electronic Filing, and other methods of service as indicated therein on April 15, 2011.

/s/
KYLE T. NAYBACK