IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA
        Plaintiff,

vs.                                                    No. CR 10-773 JB

JOHN LEONARD TSOSIE,
        Defendant.

### DEFENDANT'S MOTION IN *LIMINE* FOR *DAUBERT* RULING REGARDING THE ADMISSIBILITY AND SCOPE OF MS. NANCY'S DREZ'S EXPERT TESTIMONY

Defendant JOHN LEONARD TSOSIE, by and through counsel, Samuel L. Winder, hereby submits a Motion in *Limine* for *Daubert* Ruling Regarding the Admissibility and Scope of Ms. Nancy Drez's Expert Testimony. As grounds, Mr. Tsosie asserts:

1. On October 6, 2010, Assistant U.S. Attorney Kyle T. Nayback filed a Notice of Intent to Introduce Expert Testimony Pursuant to Rules 702, 703, and 705, "Notice of Intent." (Doc. 17)

2. In its October 6, 2010 Notice of Intent, the Government identified Nancy G. Drez as an implied Consent Supervisor that will offer testimony with regard to the alcohol content "and other issues related to chemical testing for alcohol…regarding the alcohol content of defendant's blood."

3. On July 1, 2010, Ms. Drez crafted a report that was provided to Mr. Tsosie three months later on October 6, 2011.

4. On April 14, 2011, Ms. Drez wrote provided an updated report to AUSA Kyle T. Nayback. Six days later, on April 20, 2011, AUSA Nayback emailed the document to undersigned counsel. The April 20, 2011 contains information that was not set forth

in the July 1, 2010 report. Specifically, Ms. Drez now concludes that the blood draw was taken at 6:15 a.m. and now provides a specific conclusion based upon the 6:15 a.m. blood draw.

5. A federal grand jury returned a two-count indictment citing both federal and state law. (Doc. 2) Specifically, the indictment sets forth N.M. Stat.Ann. Section 66-8-102 (1978) and N.M.Stat.Ann. Section 66-8-113 (1978). With respect to relevant laws pertaining to the "influence of alcohol", New Mexico was used as basis for the charged offenses. Accordingly, New Mexico law should control with regard to analysis regarding the facts and law associated with the "influence of alcohol."

6. In 2007, the New Mexico Legislature amended the DWI/DUI statute, N.M.Stat.Ann. 66-08-102(C) by taking away the line of defense that defense attorneys had used to use retrograde extrapolation to their benefit. N.M.Stat.Ann. 66-08-102(C) provides in relevant part that "It is unlawful for…a person to drive a vehicle in this state if the person has an alcohol concentration of eight one hundredths or more in the person's blood or breath within three hours of driving the vehicle and the alcohol concentration results from alcohol consumed before or while driving the vehicle."

7. Based upon this amendment, retrograde extrapolation is *no longer viable*. In *New Mexico v. Jenita Chavez*, Opinion Number 2009-NMCA-089 (Filed on May 28, 2009), the New Mexico Court of Appeals set forth that "the recent amendment to Section 66-8-102(C) *renders retrograde extrapolation irrelevant*….where test results are obtained within three hours, [*See State v. Day*, 2008-NMSC-007]" {8}.

8. Based upon relevant New Mexico law, Mr. Tsosie submits that Ms. Drez should not be permitted to testify what Mr. Tsosie's BAC would have been based upon

retrograde extrapolation. This is because the indictment sets forth New Mexico law as the basis for the charges brought against Mr. Tsosie. Specifically, New Mexico law should control with regard the issues associate with the "influence of alcohol."

9. Mr. Tsosie submits that Ms. Drez should not be allowed to testify with regard to Mr. Tsosie's BAC using regard retrograde extrapolation. Retrograde extrapolation is irrelevant.

10. Based upon the substance of this motion, it is presumed that AUSA Nayback opposes this motion.

WHEREFORE, Mr. Tsosie requests that Ms. Drez not be allowed to submit any expert testimony with regard to Mr. Tsosie's BAC with the use of retrograde extrapolation.

Respectfully submitted,

By: _____-s-_____
Samuel L. Winder
Attorney for Defendant
1011 Lomas Blvd. NW
Albuquerque, NM 87102
(505) 247-9142

I hereby certify that on April 20, 2011
I filed the foregoing electronically through CM/ECF
System, which caused Counsel for the Government
Kyle T. Nayback, to be served by Electronic means, as
more fully reflected in the Notice of Electronic Filing.

Samuel Winder-s-electronically filed
Samuel L. Winder

Case 1:10-cr-00773-JB   Document 86   Filed 04/20/11   Page 4 of 4