IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | CR. No. 10-773-JB |
| JOHN LEONARD TSOSIE, | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION *IN LIMINE* FOR PRE-TRIAL DETERMINATION OF INDIAN COUNTRY LAND STATUS**

The United States moves the Court for a pre-trial determination that the stretch of road on Navajo Route 12 from mile posts 30 to 40 is within the exterior boundaries of the Navajo Nation and therefore is Indian Country for purposes of federal criminal jurisdiction. In support, the United States argues as follows:

Defendant John Leonard Tsosie is charged in this case with two counts of involuntary manslaughter under 18 U.S.C. §§ 1153 and 1112. In such cases, the Court has jurisdiction because the crimes are committed by an Indian in Indian Country. The charges against Tsosie are based on an October 17, 2009 crash that took the lives of Manuel and Loretta Johnson. The crash occurred at mile post 34.2 on Navajo Route 12 just outside Navajo, New Mexico. Although this location is centrally located within the exterior boundaries of the Navajo reservation, Tsosie has declined to stipulate to the fact that it is Indian Country.

To establish jurisdiction, the United States must prove that the defendant "committed the crime within Indian Country." *United States v. Visinaiz*, 428 F.3d 1300, 1306 (10th Cir. 2005). But the status of a particular location as Indian Country is a legal question for the Court. As the

United States Court of Appeals for the Tenth Circuit has explained that, "as a general matter, the trial court decides the jurisdictional status of a particular property or area and then leaves to the jury the factual determination of whether the alleged crime occurred at the site." *United States v. Roberts*, 185 F.3d 1125, 1139 (10th Cir. 1999). This principle is reflected in the 2011 version of the Tenth Circuit Patter Criminal Jury Instructions. 10th Cir. Pattern Jury Instructions, 2.54.1 (2011) ("You are instructed that the alleged involuntary manslaughter occurred within the [territorial][special maritime] jurisdiction of the United States, if you find beyond a reasonable doubt that such offense occurred in the location described in the indictment.").[1] The United States therefore seeks a pre-trial determination by the Court that the stretch of road surrounding and including where the United States alleges Tsosie's crimes occurred is Indian Country, leaving for the jury the determination of whether the crimes did, in fact, occur there. Addressing the legal question of land status before trial will streamline the presentation of the prosecution's case by eliminating the need to put evidence before the jury that only relates to an issue the Court must decide.

The United States is prepared to present at a pre-trial hearing the evidence necessary to demonstrate that the ten mile stretch of road between mile posts 30 and 40 on Navajo Route 12 falls within the exterior boundaries of the Navajo reservation. By definition, such land is Indian Country for purposes of federal criminal jurisdiction. *See* 18 U.S.C. § 1151(a) (defining "all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and including rights-of-way running through the reservation"). The remaining question for trial then will be whether the crash at issue occurred within that stretch of road.

---

[1] The 2011 version of this pattern instruction is available through Westlaw at FEDCRIM-JI10C 2.54.1.

Defense counsel has been contacted regarding the relief the United States requests through this motion. The defendant opposes the motion.

WHEREFORE, the United States moves the Court for a pre-trial ruling that Navajo Route 12 between mile posts 30 and 40 falls within the exterior boundaries of the Navajo reservation and therefore is Indian Country.

    Respectfully submitted,
KENNETH J. GONZALES
United States Attorney

*Electronically filed 5/13/2011*
KYLE T. NAYBACK
MARK T. BAKER
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87103
(505) 224-1460

I HEREBY CERTIFY that I filed the foregoing
pleading electronically through the CM/ECF system
which caused the opposing party of record to be
served by electronic means, as reflected on the Notice
of Electronic Filing, and other methods of service as
indicated therein on May 13, 2011:

/s/
MARK T. BAKER
Assistant United States Attorney