IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | CR. No. 10-773-JB |
| JOHN LEONARD TSOSIE, | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION TO PROHIBIT DEFENDANT FROM CALLING ACCIDENT RECONSTRUCTIONIST DAVID N. TORRES AS A FACT WITNESS**

On March 17, 2011, the defendant, John Leonard Tsosie, filed a notice indicating he intends to call David N. Torres, a consulting accident reconstructionist the United States retained in this matter, as a defense witness. (Doc. 70.) The United States moves this Court to prohibit the defendant from doing so. Mr. Torres has no first-hand knowledge of the crimes for which the defendant is charged, and an accident reconstructionist retained by the defense would have access to all of the information Mr. Torres considered when he did his work. The only reason the defense would call Mr. Torres rather than retain its own accident reconstructionist is to use the fact that Mr. Torres performed his work while retained by the United States to unfairly prejudice the prosecution. There is no legitimate basis for such an approach.

**BACKGROUND**

1. The United States indicted the defendant on two counts of involuntary manslaughter on March 24, 2010. After securing the indictment, the United States retained David N. Torres as an accident reconstructionist to evaluate the case. The defendant had counsel by the time Mr. Torres started his work in April 2010, and the United States produced almost a

thousand pages of discovery that month. The defense therefore was on notice of the issues in this case and, by extension, the potential benefit of retaining an accident reconstructionist when the United States retained Mr. Torres. In the year that followed, the defendant either chose not to hire his own expert or retained an expert who reached conclusions that were not helpful to his case.

      2.      Mr. Torres conducted a reconstruction of the collision between the defendant and the victims, Manuel and Loretta Johnson. He remains under contract with the United States. In addition to providing a beneficial second opinion to Lauren Milligan, the other accident reconstructionist the United States retained, Mr. Torres continues to consult with the United States on this matter.

      3.      Mr. Torres and Mr. Milligan both agree that the collision at issue occurred in the northbound lane of Navajo Route 12. The difference between their conclusions is semantic rather than material. The defense has had reports from both experts since February of this year.

      4.      The United States provided Mr. Torres the discovery in this case, he visited the scene of the accident long after it occurred, and he viewed photographs of the vehicles and the scene. His report reflects that he reached his opinion based on the information he obtained from these sources – sources equally available to the defense. Because Mr. Torres did not begin his work until six months after the collision, he did not have access to fresh information that no longer would be available to a defense expert.

      5.      On April 14, 2011, defense counsel Samuel L. Winder contacted Mr. Torres by email to solicit his services as an expert witness. See Govt. Ex. 1, attached. On April 18, 2011, Mr. Torres politely declined to offer his services to the defendant, citing his retention by the

United States. See Govt. Ex. 2, attached. Despite Mr. Torres's declination of Mr. Winder's request for services, the defendant has not withdrawn or amended his March 17, 2011, notice of intent to call Mr. Torres. The defendant likewise has not set out any relevant law in a filing with the Court or in direct communication with the United States that supports permitting him to call Mr. Torres to testify at trial.

## ARGUMENT

The defendant is not entitled to call Mr. Torres as either a fact witness or expert witness in this case. The United States retained Mr. Torres to reconstruct the collision at issue, and he still is consulting with the prosecution. The United States did not designate him as a testifying expert because his opinions mirror those of Lauren Milligan, the expert who will testify during the United States' case-in-chief. Calling two experts to provide overlapping analysis would be cumulative and a waste of the jury's time, and the prosecution should not be penalized for making that common sense decision. Properly framed, the issue here is whether the United States will wrongly be forced to have two expert witnesses cover the same ground,[1] or allow the defense to call Mr. Torres and wrongly suggest that the United States did not want the jury to hear his testimony. Such a tactic has no legitimate place at trial.

**I.      David Torres Is Not a Fact Witness.**

As an initial matter, Mr. Torres has no personal knowledge of the facts that form the basis of the charges against the defendant. He therefore could not be called to testify as a fact witness at trial. Rather, Federal Rule of Evidence 602 provides that, with the exception of the parties'

---

[1] If the defendant believes there is a relevant, material difference between the opinions the two experts reached, the United States requests a proffer of the testimony he intends to elicit from Mr. Torres that would reflect such a difference.

3

experts, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. The defendant cannot plausibly argue that Mr. Torres meets this standard.

Mr. Torres instead only is in a position to express expert opinions related to the case based on documents, photographs, and a site visit he conducted as an expert retained by the United States. He cannot testify to those opinions as a lay witness. *See* Fed. R. Evid. 701 ("[I]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."); *United States v. Hoffner*, 777 F.2d 1423, 1425 (10th Cir. 1985) (explaining that for a lay opinion to be "rationally based on the perception of the witness," the witness must have "first hand knowledge" of the events to which he is testifying).

**II.     The Defendant Cannot Force David Torres to Testify as His Expert.**

Because Mr. Torres was retained as an expert for the United States and continues to consult with the prosecution on this case, the defendant also cannot force him to appear as his expert at trial. The law does not support such an approach, and permitting it would be unfairly prejudicial to the United States without providing any compensating value to the jury.

When the defendant briefly raised the issue of calling Mr. Torres during an April 28, 2011, hearing in this case, the Court suggested that the parties examine the opinion in *Boutwell v. SW Commercial Management*, No. CIV -7-1103 JB/LFG, 2009 WL 2950839 (D.N.M. Aug. 7, 2009). That decision does not support allowing the defendant to enlist Mr. Torres as his expert.

4

In *Boutwell*, this Court allowed a civil plaintiff to resist summary judgment based, in part, on a report and affidavit from an expert that previously had investigated the collapse of the roof on a commercial building for one of the defendants. The defendants' primary argument for precluding this was based on the Federal Rules of Civil Procedure – they argued the plaintiff had not timely disclosed the expert or submitted an expert report as Federal Rule of Civil Procedure 26 requires. The Court rejected that argument largely by analogizing the work of the expert at issue to a treating physician. Parties are not required to designate treating physicians as experts or provide an expert report in civil litigation so long as they limit the testimony to what the physician drew from prior examination and treatment of the patient. *See id.* at *7. As the Court's discussion in the opinion it cites in *Boutwell* reflects, this rule is built on the fact that treating physicians base their testimony on their personal care of the patient rather than on external reports and information. *See Sturgeon v. ABF Freight Sys.*, No. CIV 02-1317 JB/WDS, 2004 WL 5872664, at *2-3 (D.N.M. Jan. 14, 2004). Stated differently, treating physicians are exempt from the disclosure requirements under the civil rules to the extent they limit their testimony to conclusions drawn from personal, first-hand knowledge.

That reasoning does not carry over to this case. First, the United States is not basing its challenge on criminal expert disclosure requirements analogous to those Federal Rule of Civil Procedure 26 imposes. The problem instead is the defendant's effort to convert a consulting expert for the prosecution into a testifying expert for the defense. Second, if the Court applied the reasoning in *Boutwell* here, the outcome would be different. In performing his analysis, Mr. Torres only relied on the documents that were produced to the defendant through discovery and a visit to the scene of the collision months after it occurred. Mr. Torres therefore stands solely in

5

the position of a consulting expert for the United States in this case. There is nothing that prevented the defendant from independently hiring such an expert.

The Court's opinion in *Boutwell* otherwise addressed a hearsay question that is not at issue here. There, the Court found that a report should not be stricken from the record as hearsay under Federal Rule of Evidence 801(d)(2)(D). *Boutwell*, 2009 WL 2950839 at *5-6. The question in this case is whether the defendant can force Mr. Torres to testify in court at trial, not whether any out-of-court statement should be admitted. There is no hearsay issue.

Finally, the United States believes that – although Mr. Torres reached the same ultimate conclusions as the prosecution's testifying accident reconstructionist – the defendant intends to call him for the purpose of suggesting to the jury that the United States somehow was trying to "hide" his opinions. This is nonsense, it has no probative value, and allowing it would unfairly prejudice the United States. The Court therefore should preclude the defendant from attempting it. *See* Fed. R. Evid. 403.

While both Mr. Torres and Mr. Milligan analyzed this case for the United States, calling two accident reconstructionists who both concluded that the collision occurred in the northbound lane in essentially the same manner would be cumulative and waste trial time. *See, e.g., United States v. Walker*, 910 F. Supp. 861, 863 (N.D.N.Y. 1995). The United States therefore appropriately noticed up only one of the two experts to testify. This did not open the door for the defendant to force Mr. Torres to serve as his expert.

In *Walker*, the court rejected the prosecution's effort to use such a strategy against a defendant. There, two of the defendant's retained experts reached conclusions harmful to the defense. The defendant initially disclosed the identity of those experts to the prosecution but

later indicated he would not call them at trial. The United States then attempted to call the witnesses with the apparent goal of waving in front of the jury the fact that "the defendant's own" experts reached opinions that inculpated him in the crimes. *Id.* at 864. The court held that: (1) information regarding who retained the experts had no relevance to any issue before the jury; (2) allowing the prosecution to call the witnesses and identify them as "the defenses' own" would force the defendant to vouch for the credibility of an expert he decided not to call as a witness; and (3) allowing the government to stress that the defense was in possession of an expert's conclusions but did not put those conclusions in front of the jury was impermissible because it "raise[d] a real danger of the jury concluding that the defense had improperly attempted to suppress adverse facts or opinions." *Id.* The defendant in this case is trying to do exactly what the court refused to allow the prosecution to do in *Walker*.

## CONCLUSION

The defendant has had over a year to hire an accident reconstructionist of his own choosing. It is unclear why he has not done so. But regardless of the explanation for that strategy, he cannot now force one of the United States' consulting expert witnesses to serve as his expert.

WHEREFORE, the United States respectfully requests this Court prohibit the defense from calling David N. Torres as a fact witness or as an expert witness during trial of this matter.

Respectfully submitted,<br>
KENNETH J. GONZALES<br>
United States Attorney<br>
<br>
***Electronically filed 5/18/2011***<br>
KYLE T. NAYBACK<br>
MARK T. BAKER<br>
Assistant United States Attorney<br>
Post Office Box 607<br>
Albuquerque, New Mexico  87103<br>
(505) 224-1460

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system which caused the opposing party of record to be served by electronic means, as reflected on the Notice of Electronic Filing, and other methods of service as indicated therein on May 18, 2011:

/s/
MARK T. BAKER
Assistant United States Attorney