IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CR. No. 10-773 JB |
| JOHN LEONARD TSOSIE, | ) |
| Defendant. | ) |

**UNITED STATES' MOTION *IN LIMINE* TO PROHIBIT IMPROPER COMMENT BY DEFENSE COUNSEL AND TO LIMIT TRIAL TESTIMONY TO ADMISSIBLE EVIDENCE**

The United States of America moves this Court to enter an order in the above-captioned matter prior to the start of trial prohibiting the defense from resorting to improper comments during opening statement, closing argument and examinations regarding evidence that is irrelevant to the crimes committed and intended to evoke jury sympathy. Specifically, the United States requests an order (1) prohibiting defense counsel from mentioning his former employment as an Assistant United States Attorney ("AUSA") or his status as a Native American; (2) prohibiting defense counsel from referring to his personal experience driving on the roadway; (3) prohibiting defense counsel and the Defendant from discussing the Defendant's release from custody since the time of his arrest, his role as a single-parent, and his work as a domestic violence advocate; and (4) prohibiting defense counsel from requesting discovery in the presence of the jury.

## Introduction

The case arises from a two-vehicle collision that resulted in two deaths. The fatal crash occurred sometime prior to 5:11 a.m. on October 17, 2009. Defendant John Leonard Tsosie was driving his SUV while intoxicated, impaired, and sleeping at the wheel. Mr. Tsosie told several witnesses including law enforcement and medical personnel who treated him at the hospital that he fell asleep at the wheel. Subsequently, a test administered by the hospital following a blood draw at 6:15 a.m. revealed that Tsosie had a blood alcohol concentration of .07. Since the vehicle collision was at least one hour prior, a forensic toxicologist will testify that Tsosie was between a .08 and .09 BAC at the time of collision. Tsosie also admitted to law enforcement personnel that he fell asleep at the wheel prior to the collision. Manuel Johnson was driving the other vehicle, and his wife, Loretta, was the passenger. The crash occurred approximately seven minutes from their home. Both the Mr. and Mrs. Johnson had no alcohol in their system. Neither survived. The United States indicted Tsosie on two counts of involuntary manslaughter by driving DUI and by reckless driving. Trial will begin on June 20, 2011.

Respectfully, the United States raises a number of issues prior to trial in order to minimize objections and obtain a pre-trial ruling as to what may be raised either through questions, evidence or argument. This is not to say that counsel would intentionally engage in improper argument or comment. Rather, the motion seeks to clarify the bounds of trial. The Court's order would: 1) serve to provide useful guidelines, and 2) obviate the need for frequent objections that would prolong the trial and interrupt the flow of the proceedings.

**I.     Potential Improper Argument, Statement or Questions**

Former employment as an AUSA or status as an Indian

1.     The United States moves *in limine* for an order prohibiting the Defendant, through counsel, from mentioning or putting forth any evidence, asking any question, or making any statement or argument, either directly or indirectly, concerning his former employment as an AUSA or to his status as a Native American. This would be wholly irrelevant to the charged conduct and could only be intended to evoke jury sympathy.

2.     Throughout the pendency of *United States v. Linda Diaz*, 09-1578 LH, defense counsel criticized the United States through pleadings and associated oral arguments concerning the legal positions and theories the United States adopted. In particular, defense counsel attacked the appropriateness of the charges faced by the defendant. In the instant matter, on more than one occasion, counsel has raised similar concerns to the undersigned about the charging decisions of the United States, arguing that this was simply an "accident" and that charges should not have been brought.

3.     On at least one occasion in *U.S. v. Linda Diaz*, defense counsel has referenced his former employment as an AUSA for the District of New Mexico during oral argument before the Court. The United States asserts that defense counsel should not be permitted to make a similar argument before the jury. If he is so permitted, a jury may erroneously conclude that defense counsel is a voice of authority with respect to the appropriateness of the decisions, rules and procedures, or protocol involved in the charging decisions made by the Department of Justice.

4.     In addition to defense counsel's statements referencing his former position as an AUSA, defense counsel, in *United States v. Linda Diaz* referenced the defendant's status as a

Native American while attacking the charging decisions and legal positions staked out by the United States. And, in the same case, defense counsel invoked his own status as a Native American during oral argument. The United States asserts that any arguments regarding the Defendant's status as a Native American or defense counsel's status as a Native American are irrelevant, may tend to confuse the jury, could tend to suggest that his status cloaks him with unique standing to question the United States' charging decisions, and may improperly suggest that the United States' actions in this case are motivated by bad faith. Of course, Defendant's status as a Native American is a jurisdictional prerequisite, but beyond that, his status as a Native American is irrelevant to the indicted charges.

<u>Personal experience of defense counsel</u>

5. During a pre-*Daubert* meeting with defense counsel and Nancy Drez, Mr. Winder indicated to the undersigned that he had a personal experience that was similar to the events that form the basis of the charges in this case. Specifically, he claimed that on Christmas Day, a driver came into his lane and was driving straight toward defense counsel. Defense counsel added that his children were in the car at the time. Upon information and belief, defense counsel may attempt to use his personal experience in his argument to the jury. This would amount to improper argument and should be precluded by the Court.

<u>Defendant's release from custody, his employment and parental responsibilities</u>

6. Defense counsel has mentioned on more than one occasion that the Defendant is an advocate of sorts that coordinates training and activities for Native Americans. In addition, defense counsel has referenced the Defendant as a single father. During trial, evidence of what the Defendant did for employment before the fatal collision or what he currently does, is

irrelevant to whether he committed the crime. In addition, the defendant's parental responsibilities are not relevant to the defendant's guilt and could only be intended to evoke jury sympathy. The Defendant's release from custody over the objections of the United States, during the pendency of trial is equally irrelevant. To elicit such evidence would clearly be an attempt to get the jury to believe the defendant is not a danger to the community. Such questions would open the door to questions regarding the strict conditions the defendant is under while on release. Both lines of questioning would be irrelevant and waste of the court's time.

<u>Requests to provide discovery</u>

7. Discovery in this matter exceeds 1,000 pages and at times during the pre-trial stages of this matter, defense counsel has requested discovery that had been previously produced. The United States then provided the discovery requested or pointed out where it could be located in the Bates numbers. While it is of no concern to the United States why defense counsel could not locate the discovery previously disclosed, it is a concern if defense counsel were to request discovery in the presence of the jury rather than during the discovery stage. This age-old defense tactic is designed to place the prosecutor in the position of complying or leaving the jury under the impression that important evidence is being improperly concealed. In any event, a request for discovery can and should be made during the discovery phase, and outside the presence of a trial jury.

**II.  Argument**

8. This Court should exclude all evidence and any mention of defense counsel's former employment as an AUSA or his status as a Native American. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Here, Mr. Winder's former employment is

clearly irrelevant and clearly does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Accordingly, any reference to defense counsel's former employment or his status as a Native American should be excluded under Rules 401 and 402. Moreover, even if relevant, such comments should be prohibited under Fed. R. Evid. 403, which provides for the exclusion of evidence whose "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury."

9. This Court must exclude emotional expression designed to appeal to the jury's sympathy. *Thompson v. State Farm Firm and Casualty Co.*, 34 F. 3d 932, 939-40 (10th Cir. 1994). In this case, defense counsel has referenced the Defendant's status as a Native American, as an advocate for domestic violence, and as a single father. No testimony of these characterizations of the Defendant would be proper and should be disallowed in the trial of this matter. As it pertains to the Defendant's status as a Native American, "strong appeals in the course of argument to sympathy, or appeals to passion, racial, religious, social, class, or business prejudice lie beyond the permissive range of propriety." *Solorio v. Atchinson, Topeka and Santa Fe Ry. Co.*, 224 F. 2d 544, 547 (10th Cir. 1955). The introduction of the Defendant's domestic violence advocacy should not be allowed under Fed. R. Civ. P. 404(a)(1), as it is not a pertinent trait, and therefore is irrelevant as it pertains to the Defendant's guilt. Furthermore, the introduction of the Defendant's domestic violence advocacy will open the door for the introduction of his domestic violence conviction. Fed. R. Civ. P. 404(a)(1). Again, evidence of the Defendant's situation as a single father is irrelevant to the issue at hand, is not pertinent, and would only be submitted to appeal to the jury's sympathy.

10. Importantly, *Thompson* approved the exclusion of emotionally-charged evidence under Fed. R. Evid. 403. That is, the challenged evidence was relevant, but unfairly prejudicial. Here, the challenged evidence is not only unfairly prejudicial, but it is entirely irrelevant. The examples of testimony cited above do not "have any tendency to make the existence of any fact that is of consequence to the determination of [Defendant's guilt] more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

11. Similarly, Mr. Tsosie should be prohibited from testifying or eliciting questions that he is released from custody, is free to travel for work with the permission of the Court or the passage of time since indictment. What the United States Magistrate Judge did regarding the Defendant's release and conditions of release bears no relevance to whether the Defendant is guilty of two counts of involuntary manslaughter. Testimony or comment about the Defendant's release from custody invites and opens the door to questions regarding the stringent pre-trial release conditions he is under including no alcohol use. In addition, this Court continued this matter in November 2010, over the objections of the United States, so that the Defendant could seek medical treatment. The passage of time since indictment has no bearing on the Defendant's guilt and should not be mentioned during trial. Even if this obvious appeal to jury sympathy had some relevance, it should be disallowed as unfairly prejudicial. *See*, *e.g., United States v. Georgiou,* 2009 WL 4641719 at 6 (E.D. Pa. 2009) (evidence that fraud victim had to liquidate because of defendant's misconduct disallowed under Rule 403).

12. Any defense counsel attempts to elicit inadmissible character testimony from the Defendant are prohibited by law. The Defendant may not launch into narratives about his career, current freedom to work, or relationship with his children as primary caretaker. Although a brief

description of his employment may be found reasonable by the Court, continued self-promoting testimony about Defendant's duties should be disallowed. Testimony about his career and his relationship to his children should be disallowed as inadmissible character evidence. *See, United States v. Solomon*, 686 F.2d 863, 873-4 (11th Cir. 1982) (defendant's military background and family relationships properly disallowed).

13. This Court has broad discretion in limiting the scope of opening statements and closing arguments. *Cole v. Tansy*, 926 F.2d 955, 958 (10th Cir. 1991); *United States v. Rivera,* 778 F.2d 591, 593 (10th Cir. 1985). "The trial judge has an obligation to keep the trial on track and to prevent unfair appeals to sympathy or prejudice." *Rivera*, 778 F.2d at 593. Comments made by counsel that refer to evidence not in the record or that are calculated to arouse the jury's sympathy are improper. *Hatfield v. Wal-Mart Stores, Inc.,* 335 Fed. Appx. WL 1904581 (C.A. 10 (Kan.) 2009). In addition, an appeal for the jury to violate its oath is never proper. *See, e.g., United States v. Gonzalez,* 596 F.3d 1228, 1237 (10th Cir. 2010). Indeed, reversal is required when: 1) counsel over emphasizes an improper argument, 2) the trial court fails to take curative action, and 3) it appears that counsel's improper comments have a prejudicial effect. *Id*

14. This motion is not made lightly and is done out of an abundance of caution. Given defense counsel's prior comments in other cases, and his comments in this matter, the United States found it appropriate to seek a pre-trial ruling to clarify the aforementioned issues.

WHEREFORE, for the foregoing reasons, the United States respectfully requests an order *in limine* requiring the Defendant, his counsel, and his witnesses to refrain from asking any question, introducing any evidence, or making any statement or argument, either directly or

indirectly, with respect to the matters raised in this motion within the jury's presence. The

United States moves this Court to rule on each issue raised above.

                                                Respectfully submitted,

                                                KENNETH J. GONZALES
                                                United States Attorney

                                                ***Electronically filed on 6/6/2011***
                                                KYLE T. NAYBACK
                                                MARK T. BAKER
                                                Assistant U.S. Attorneys
                                                P.O. Box 607
                                                Albuquerque, NM  87103

I HEREBY CERTIFY that I filed the foregoing
pleading electronically through the CM/ECF
system which caused the opposing party of record
to be served by electronic means, as reflected on
the Notice of Electronic Filing, and other methods
of service as indicated therein on June 6, 2011:


/s/                                
KYLE T. NAYBACK
Assistant United States Attorney