IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CR No. 10-773 JB |
| JOHN LEONARD TSOSIE, | ) ) ) |
| Defendant. | ) ) |

UNITED STATES' REQUESTED VOIR DIRE QUESTIONS

The United States respectfully requests the Court to either ask or allow counsel for the United States to ask the following questions of the prospective jurors. The Court is further requested to allow counsel for the United States to pursue more detailed questioning if further inquiry is appropriate and, if desirable, to conclude with an inquiry as to whether the particular fact or circumstance would influence a juror in favor of or against either the United States or the defendant. The Court is requested to invite jurors to approach the bench to respond outside the hearing of the rest of the panel if the prospective juror so desires.

**A.** **Knowledge of the Trial Participants**

1. The defendant in this case is John Leonard Tsosie. [Please direct the defendant to rise.] Does any juror know, or has he or she had any dealings, directly or indirectly, with the defendant, or with any relative, friend or associate of the defendant?

2. Does any juror have any relatives, friends, associates, or employers who know or who have had any dealings with the defendant?

3. The defendant in this case is represented by Mr. Sam Winder. Do any of you know Mr. Winder? Has any juror had dealings, either directly or indirectly, with Mr. Winder?

4. The United States is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the District of New Mexico, who is Kenneth J. Gonzales. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Kyle T. Nayback and Mark Baker. [Please ask counsel to stand.] Do any of you know Mr. Gonzales, Mr. Nayback, or Mr. Baker? Have any of you had dealings, either directly or indirectly, with these individuals?

5. The victims in this case are Manuel or "Manny" Johnson and Loretta Johnson. Does any juror know, or has he or she had any dealings, directly or indirectly, with the victims, or with any relative, friend or associate of the victims?

**B.     Relationships and Associations**

1. Is anyone related to anyone who works in the United States Attorney's Office?

2. Does anyone work with or socialize with anyone who works for this office?

3. Aside from attorneys in these two offices, is anyone friends with or related to an attorney who practices criminal law?

4. Does any juror have any bias, prejudice or other feelings with respect to the United States Attorney's Office?

5. Have you, or has any member of your family, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States or any of the officers, departments, agencies, or employees of the United States, or had any interest in such a case or dispute?

6. Has anyone had any training or education in law, or otherwise worked in a law office?

7. Does anyone work for a law enforcement agency? There will be a number of witnesses in this case from both a law enforcement background and those without a law enforcement background. They include: (have U.S. read witness list). Does anyone know any of these witnesses?

8. Aside from the people who work in law enforcement, does anyone have any friends or relatives who work for a law enforcement agency?

9. Has anyone on the panel had a bad experience with any type of law enforcement officer?

10. Has anyone on the panel had a bad experience with any other government employee?

11. Is there anyone who has a general distrust of the government?

12. Is there anyone who has previously been involved in protests to oppose any sort of government action?

13. During the course of the trial, several civilians may be called as witnesses or may be discussed during testimony. These witnesses are:

_____

_____

_____

Does anyone know any of the people I just named?

C. **Prior Jury Service**

1. Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county or city court? If so, when and where did you serve?

2. Have you ever served as a juror in any court? If so, when and in what court did you serve, and was it a civil or a criminal case?

3. What was the final verdict of the case?

4. How did your experience as a juror affect your views of our courts and justice system?

5. Does anyone on the panel believe the judicial system in general is unfair? If "yes," please explain why.

D. **Experience as a Witness, Defendant, or Crime Victim**

1. Has any juror or any relative or close friend of any juror, ever been involved or appeared as a witness in any investigation by a federal or state grand jury or been questioned in any matter by a federal, state, or local law enforcement agency?

2. Have you ever been a witness or complainant in any prosecution, state or federal?

3. Have you, or has any member of your family, any associate or close friend, ever been charged with a crime? If so, would that in any manner tend to prejudice you, affect your ability to evaluate the evidence or otherwise affect your deliberations in this case?

4. Has any juror or any relative, associate, or close friend ever been the subject of any investigation or accusation by any grand jury, federal or state?

5. Has anyone been a victim of any other type of crime?

### E. Bias Regarding Driving While Intoxicated

1. Has anyone ever had a friend or family member killed or injured by a drunk driver?

2. Has anyone ever been arrested for drunk driving, DUI, DWI or another alcohol related offense?

3. Is there anyone who believes that in order for a driver to be "impaired" the government must prove that his blood alcohol is .08 or higher?

4. If the law instructed that any impairment, even if to the slightest degree, is illegal, could you find the defendant guilty if the government proved impairment and the other elements of the crime?

5. Is there anyone who is sympathetic to this defendant who is accused of killing another person while driving recklessly or under the influence of alcohol?

6. s there anyone who has been a Plaintiff or Defendant in a lawsuit involving a drunk driver? Anyone with a family member or friend who has been involved in such a case?

### F. Causation

1 You will be instructed at the end of the trial that the United States has to show that drunk or reckless driving caused the victims' deaths. You also will be instructed that the United States does not have to show the defendant was the sole cause of their deaths. When the acts of two or more persons significantly contribute to causing a death, the law treats each act as a cause of that death. Based on this, you are not going to be asked to assign percentages of fault to the defendant's conduct or to rank in order what you view as the biggest contributing cause to the smallest. Does everyone understand this concept? Is anyone uncomfortable with it?

## G. Function of the Court and Jury

1. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or lawyers say or do may encroach in any way on your role as the exclusive fact finder. When it comes to the law, however, you are to take your instructions from the Court and you are bound by those instructions. You may not substitute your notions of what the law is or what you think it should be. At the conclusion of this case, your job will be to determine whether the defendant is guilty as charged in the indictment. Does any juror have any bias or prejudice that might prevent him or her from accepting the instructions of law that the Court will give you in this case?

2. As a juror, you may not consider a defendant's punishment in determining whether the government has proved its case beyond a reasonable doubt. Is there anyone here who believes that thoughts about a defendant's punishment might make it harder for them to find a defendant guilty?

3. Will each of you accept the proposition of law that sympathy must not enter into your deliberations as to the guilt or innocence of the defendant and that only the evidence produced here in Court may be used by you to determine the guilt or innocence of the defendant? If you decide the defendant is guilty, but feel sorry for him for any reason, would you still be able to vote guilty without regard to sympathy or feelings for him?

4. For you to convict the defendant the government must prove guilt beyond a reasonable doubt. Reasonable doubt is doubt based on reason and common sense and not proof beyond a shadow of the doubt. Is there anyone on the panel who could not convict a defendant

unless they were absolutely certain of that person's guilt, even if you felt there was no reasonable doubt as to the defendant's guilt?

5. Is there anyone on the panel who believes that the government should have a higher burden of proof, such as proof of guilt beyond a shadow of a doubt?

6. In this case, the Court is going to instruct you that you may make deductions and reach conclusions that reason and common sense lead you to draw from the evidence. The Court will also instruct you that the government may prove its case through either direct or circumstantial evidence. Direct evidence is evidence such as the testimony of an eyewitness to a crime. Circumstantial evidence is evidence of facts that may be used to conclude the existence of another fact. Who feels that they could not find someone guilty beyond a reasonable doubt based on circumstantial evidence alone?

7. Is there any juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and evidence?

**H.** **Biases Regarding Native Americans and Relations with the Federal Government**

1. The defendant and the victims are members of the Navajo Nation and live or lived within the Navajo Nation. Does the fact that the defendant and the victim are Native American make you think this case should be decided differently than any other criminal case? If so, how?

2. Does the fact that the defendant and the victims are or were Native American make you think that you must treat the evidence or testimony any differently than any other case? If so, how?

3. Do you believe that involuntary manslaughter cases should be treated differently where the defendant and victim are Native American?

4. This crime is alleged to have occurred within the Navajo Nation. Do any of you feel that the federal government should not be involved in the prosecution of crimes which occur within Indian Country?

5. The U.S. Attorney's Office has a duty under federal law to prosecute felonies or serious crimes which occur within Indian Country. Do any of you think this law is wrong? Why?

6. Do any of you feel that the government has a higher burden of proof in cases involving Native Americans because the defendant's upbringing may have been different from your own?

7. Do you think the government should have to prove a Native American defendant guilty beyond all doubt instead of beyond a reasonable doubt?

8. While tribal courts in New Mexico currently only have jurisdiction over members who commit misdemeanor crimes, the federal government has jurisdiction over anyone who commits a felony. Do any of you have a problem with the federal government's jurisdiction over felonies committed in Indian Country?

**I.** **Qualifications and General Biases**

1. Does anyone have any seeing or hearing problems that might prevent you from giving your full attention to all the evidence at this trial?

2. Is any juror taking any medication that would prevent you from giving your full attention to all the evidence at this trial?

3. Does any juror have any difficulty in reading or understanding English in any degree?

4. Does any juror work swing shifts or has anyone been up all night prior to coming here today?

5. If you are selected, does everyone understand that you will be asked to render a judgment?

6. Does any juror have any personal, religious, philosophical or other beliefs which would make him or her unable to sit in judgment of the facts of this case and render a guilty verdict, against the defendant, for reasons unrelated to the law and evidence?

7. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case and to render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as it will be explained?

## J. <u>Requested Instruction Following Impaneling</u>

1. From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your family or friends. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me. In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to

offer a friendly greeting.  So if you happen to see any of them outside this courtroom they will, and should, ignore you.  Please do not take offense.  They will only be acting properly by doing so.

                                              Respectfully submitted,

                                              KENNETH J. GONZALES
                                            United States Attorney

                                              ***Electronically filed on 06/15/11***
                                              KYLE T. NAYBACK
                                              MARK T. BAKER
                                              Assistant U.S. Attorney
                                              P.O. Box 607
                                              Albuquerque, NM 87103
                                              (505) 346-7274

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system which caused counsel for defendant to be served by electronic means, as reflected on the Notice of Electronic Filing, and other methods of service as indicated therein on June 15, 2011.

/s/
MARK T. BAKER
Assistant United States Attorney