IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA
    Plaintiff,

vs.                                          No. CR 10-773

JOHN LEONARD TSOSIE,
    Defendant.

## DEFENDANT TSOSIE'S PROPOSED QUESTIONS FOR JUROR VOIR DIRE

Defendant John Leonard Tsosie, by and through counsel, Samuel L. Winder, respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors, if not normally asked by the Court. The Court is further requested to allow counsel for counsel for the Defendant to pursue more detailed questioning if further inquiry is appropriate and, if desirable, to conclude with an inquiry as to whether the particular fact or circumstances would influence a juror in favor or against either the United States or the Defendant. The Court is requested to invite jurors to approach the bench to respond outside the hearing of the rest of the panel if the prospective juror so desires.

    1.    Introduction of the parties:

    a.    Seated at the Defendant's table are Samuel L. Winder and Mr. John Leonard Tsosie. I will be trying this case on behalf of Mr. Tsosie. I am a sole practitioner with the Law Office of Samuel L. Winder located at 1011 Lomas Blvd NW. Do any of you, your relatives, or close friends, to the best of your knowledge, know me?

1

b.     Does any member of the panel know my client, Mr. Tsosie?  Mr. Tsosie is an enrolled member of the Navajo Nation and lives on the Navajo Indian Reservation. Do any of you have any relatives or friends that are members of the Navajo Nation?

2.     This case involves the prosecution of my client with two counts of involuntary manslaughter.  You will hear testimony that the accident was caused with Mr. Johnson's vehicle running head onto the vehicle driven by Mr. Tsosie. Some of you may have heard about the *Owens* case involving four teenagers that were killed in a case where the defendant was driving under the influence of alcohol.  For those that are aware of the *Owens* case what did you think about the verdict?  Were you upset with the acquittal verdict?  If you were upset with the verdict, would you hold that against Mr. Tsosie or hold the defense to a different standard? In this case, the facts may be similar in that Mr. Tsosie's defense will be that the Mr. Johnson's vehicle came into his lane.  So the defense in this case may be similar to the defense in the Owens case. Will you be able to look at the facts in this case independently without knowing the facts or verdict in the *Owens* case?  In this case, both the victims and defendant are Native American and in the Owens case, the victims and defendant were non-Indian. Will those differences have an impact on your ability to look at the facts in this case independently?  Counsel proposes jury panel member who answer these questions be asked the following [and possibly outside the presence of the other jurors if desired]:

a.     What do you know about the case?

b.     If selected to serve as a juror, will you be able to set aside this prior information and decide the case solely on the evidence presented in the courtroom?

c. Is there anything about the prior information you possess that would prevent you from being a fair and impartial juror for both sides?

d. Is there anything about the nature of these charges that would cause you a problem if you were chosen as a juror?

e. Would the fact that Mr. Tsosie is a Native American have any influence on your ability to be fair and impartial where there is an allegation that he was driving while impaired?

3. Mr. Tsosie lives on the Navajo Indian Reservation and is Native American. Is there anything about Mr. Tsosie being a Native American that would prevent you from being a fair and impartial juror?

4. I am of Native American heritage and am an enrolled member of the Southern Ute Indian Tribe from Colorado. The Southern Ute Indian Tribe is also tribe that has a gaming enterprise, and I worked the Southern Ute Indian Tribe for a short time. Does the fact that I have worked for a tribe involved in gaming have any impact with regard to your ability to be fair and impartial? Currently, I also work for the Ute Mountain Ute Indian Tribe with regard to their water claims. Would that have an impact on your ability to be fair and impartial?

5. There will be testimony in this case from individuals employed with the Navajo Nation Law Enforcement. Has any member of the jury panel or a close friend or a family member ever worked for or had any dealings with that office?

a. Please state the nature of your relationship with that person.

b. What was the nature of your dealings?

        c.        When and where was it?

        d.        Is there anyone here who holds strong feelings for the Navajo Nation Law Enforcement Offices?

        e.        Is there anything about that experience that will prevent you from serving as a fair and impartial juror in this case?

        6.        There will be testimony about social drinking that occurred prior to the alleged incident. This case is not a DWI case. However, we know that DWI is wrong and there are persons that may believe that drinking in of itself is wrong. Do any of you have any problems with social drinking? Has any member of the jury panel, or a close friend, or a family member ever had anyone injured or killed as the result of a drunk driver?

        a.        Please state the nature of your relationship with that person.

        b.        Please describe what you experienced?

        c.        When and where did this occur?

        d.        Is there anything about that experience that will prevent you from serving as a fair and impartial juror in this case?

        e.        Are any of you familiar or members MADD? (including family members or friends)

        7.        Has any member of the jury panel, or a close friend, or a family member ever been involved in an automobile accident with severe injuries or resulted in death? Has any member of the jury panel, or a close friend, or a family member ever been involved with domestic violence?

a. Please state the nature of the accident [or domestic violence].

b. Please describe what you did or experienced?

c. When and where was it?

d. Is there anything about that experience that will prevent you from serving as a fair and impartial juror in this case?

8. There will be testimony in this case about crimes committed in Indian Country. Does any member of the panel believe that the United States Attorney's Office should not investigate a person who may have committed a crime in Indian Country?

9. There will be testimony in this case by several experts. One of the government's experts will be Ms. Nancy Drez, who worked with the Scientific Laboratory Division for the State of New Mexico.

a. Has any member of the panel heard of the New Mexico Scientific Laboratory Division? If so what have you heard?

b. Would that information cause you to automatically believe or disbelieve the testimony of such a witness solely because she was employed with the Scientific Laboratory Division?

10. There will also be testimony from Mr. Lauren Milligan who will be qualified an expert in accident reconstruction.

a. Has any member of the panel heard of Mr. Milligan?

b. Would your knowledge of him or familiarity with him cause you to

automatically believe or disbelieve the testimony of Mr. Milligan?

    11.    There will be testimony in this case from Dr. Clarissa Krinsky and Dr. \_\_\_\_ from the Office of the Medical Investigator.

    a.    Would that information cause you to automatically believe or disbelieve the testimony of such a witness solely because she/he is associated with the Office of the Medical Investigator?

    12.    Does anyone:

    a.    suffer from any hearing impairment that makes it difficult for you to understand normal conversation?

    b.    suffer from any medical ailment that requires you to take medication at regularly scheduled times?

    c.    has a health problem that will affect your ability to serve as a juror throughout this trial?

    13.    In order to prove the charges in this case, the Government must present evidence to support the charges. Much of the evidence in this case will come to you in the form of testimony from the witness stand. I am now going to read to you a list of potential witnesses in this case and also the names of persons who may be referred to during the testimony. If you hear the name of a person that you believe you know, please raise your hand. [Read Defendant's witness list]

    a.    How do you know the witness?

    b.    How long have you known him/her?

    c.    Would you be able to apply the same standard in evaluating that

person's credibility that you apply to all other witnesses?

    d.    Do you believe your relationship or acquaintance would affect your ability to be a fair and impartial juror?

    14.    As you have heard, some of the witnesses that will be called by the Government are law enforcement officers. Is there any member of the panel who would automatically believe all of an officer or agent's testimony solely because he or she is an officer, without applying the same set of factors that you would apply to the other witnesses?

    a.    Is there any member of the panel who, because of some personal experience or some personal belief, would automatically believe the testimony of a law enforcement officer solely because he or she is an officer?

    15.    Have any members of this jury panel ever served as a juror in any trial, either in state court or federal court? If so:

    a.    Was it in state or federal court?

    b.    Was it a civil or criminal trial?

    c.    When was the trial?

    d.    Did the jury reach a verdict in that case?

    e.    What result was reached?

    f.    Were you the foreperson of that jury?

    g.    If more than one case, how many cases have you served?

    h.    In any of the criminal cases you heard, were any burdens placed on you that would make it difficult for you to sit on future cases, or did it make you

cynical about criminal trials?

   i. What opinion(s) did you form about the court, lawyers, jury system as a result of your prior jury experience [follow up questions]

   j. Those of you who have served on a jury have probably been instructed on what lawyers call "the burden of proof".  Those of you who have served on a jury in a civil case (usually between private parties in a claim for money damages or wrongful death) will have been instructed that the burden is on the plaintiff to prove his or her case by a preponderance of the evidence, that his or her case is more probably true than not true.  In this criminal case, the government is the plaintiff and the burden is on the government, which must prove its case with respect to the charge beyond a reasonable doubt. I will give you further instructions later at what is meant by "beyond a reasonable doubt".  As this stage, I can state that "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in this case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  Mr. Tsosie is presumed innocent, and is not required to prove her innocence or produce any evidence at all.  Do any of you have any problem with what I just have said?  Do you have any difficulty understanding the difference between the burden of proof in a civil case and the burden of proof in a criminal case?  Do any of you have any problem with understanding what I have told you at this stage about "reasonable doubt"?  Do any of you have any problem with understanding what I have told you at this state about Mr. Tsosie being presumed

innocent and not being required to prove her innocence or produce any evidence at all?

16. Have any members of this jury panel ever served on a grand jury, either in state or federal court? If so:

    a. Was it in state or federal court?

    b. When did you serve?

17. Another way that people can become familiar with the criminal justice system is to be the victim of a crime or to have a family member who was the victim of a crime. Has any member of this jury panel, or has any member of your immediate family or any close personal friend ever been the victim of a crime? If so:

    a. Briefly describe the nature of that crime.

    b. When was that crime committed?

    c. Was anyone ever charged with the commission of that crime?

    d. Were you satisfied with the services of the law enforcement agency?

    e. Is there anything about that experience that would prevent you from sitting in this case as a fair and impartial juror?

18. Another way that a person can become familiar with the criminal justice system is to have a close friend or immediate family member arrested, charged or convicted of a crime, or to have been accused or arrested for a crime. Is there anyone who has had that experience? If so:

    a. Without naming names, please state whether it was you, a close friend or family member.

b. What was the nature of the situation?

c. When did it occur?

d. Was the person arrested, charged or convicted?

e. Was he or she required to spend any time in jail or prison? Is he or she in or out of prison at the present time?

f. Is there anything about that experience that would prevent you from rendering a fair and impartial verdict in this case?

19. With regard to lawsuits generally, have any of you or any family member or close friend even been a party in a lawsuit?

a. How did you feel about the experience?

19. Is any member of the jury panel employed by the United States Government or any agency of the United States Government, or is any member of your family so employed? If so, please state:

a. Who is so employed?

b. By what agency?

c. What is the nature of the employment?

d. Is there anything about that employment that would prevent you from sitting as a fair and impartial juror in this case?

20. Has any member of the jury panel ever been employed by a law enforcement agency, or has any member of your family or a close friend been so employed? If so, please state:

a. Who was so employed?

b. By what agency?

c. What was the nature of the employment?

d. Is there anything about that employment that would prevent you from sitting as a fair and impartial juror in this case?

21. Has any member of the jury panel, or one of your close relatives, ever received any legal training or courses, (including business law), in law enforcement, criminal justice, administration of justice or law, or ever been employed in a law office? If so:

a. What was the nature of such training or employment?

b. Is there anything about that training which would influence your decision in any way in this case?

22. Have you or anyone close to you ever been asked to testify in court as an expert witness or a witness with special knowledge or training? If yes, please explain.

23. The members of this panel selected as members of the jury in the case today will be the judges of the facts and must accept the law as the court explains it in its charge. Is there any member of the panel who could not accept this duty?

24. The trial of this case may last four days. Is there any member of the panel who could not be available for a trial of this length or who would find it a problem?

25. If you are qualified as jurors in this case, you will be required to make a solemn oath that you will try this case and render a verdict based on the evidence and according to the instructions of the court. Is there a member of the panel who could not take this oath?

26. Does anyone hold any religious, philosophical, political, or personal beliefs that would make it impossible for you to return a verdict of guilty even if the evidence and instructions supported such a verdict?

27. Is there any member of the panel who knows of any reason whatsoever why he or she could not sit as a juror in this case with absolute impartiality to both sides, either because of some bias or prejudice personally as to the Defendant or as to the government, or any other reason?

28. The members of this panel selected as members of the jury in the case today will be the judges of the facts and must accept the law as the Court explains it in its charge. Is there any member of the panel who could not accept this duty?

29. Is there any member of the panel who for any other reason, whether I have touched on it or not, would have difficulty sitting in judgment of the facts in this case?

Respectfully submitted,

Law Office of Samuel L. Winder, LLC

Samuel L. Winder
10111 Lomas Blvd., NW
Albuquerque, New Mexico 87102
(505) 247-9142

.

.