IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,      )
                               )
                Plaintiff,     )
                               )
        vs.                    )    CRIMINAL NO. 10-773 JB
                               )
JOHN LEONARD TSOSIE,           )
                               )
                Defendant.     )

STIPULATED JURY INSTRUCTIONS

The parties stipulate that the following instructions should be included in the Court's

charge to the jury.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney


*/s/*_____
KYLE T. NAYBACK
MARK T. BAKER
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico  87103
(505) 346-7274

*/s/*_____
SAMUEL L. WINDER
Attorney for Defendant
1011 Lomas Blvd. NW
Albuquerque, New Mexico  87102
(505) 247-9142

## STIPULATED INSTRUCTION NO. 1

The defendant, John Tsosie, is on trial before you upon an indictment brought by the Grand Jury charging as follows:

### Count 1

On or about October 17, 2009, in Indian Country, in McKinley County, in the District of New Mexico, the defendant, **JOHN LEONARD TSOSIE,** an Indian, unlawfully killed Manuel Johnson, while in the commission of an unlawful act not amounting to a felony, that is while operating a motor vehicle while under the influence of alcohol, contrary to N.M. Stat. Ann. § 66-8-102 (1978) and reckless driving, contrary to N.M. Stat. Ann. § 66-8-113 (1978), in that the defendant operated a motor vehicle without due caution and circumspection and with a wanton and reckless disregard for human life, and knew or should have known that his conduct imperiled the lives of others.

In violation of 18 U.S.C. §§ 1153 and 1112**.**

### Count 2

On or about October 17, 2009, in Indian Country, in McKinley County, in the District of New Mexico, the defendant, **JOHN LEONARD TSOSIE,** an Indian, unlawfully killed Loretta D. Johnson, while in the commission of an unlawful act not amounting to a felony, that is while operating a motor vehicle while under the influence of alcohol, contrary to N.M. Stat. Ann. § 66-8-102 (1978) and reckless driving, contrary to N.M. Stat. Ann. § 66-8-113 (1978), in that the defendant operated a motor vehicle without due caution and circumspection and with a wanton and reckless disregard for human life, and knew or should have known that his conduct imperiled the lives of others.

In violation of 18 U.S.C. §§ 1153 and 1112**.**

STIPULATED INSTRUCTION NO. 2

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges, you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts.  I presided over the trial and decided what evidence was proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case--for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses.  Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.  These instructions will be given to you for use in the jury room, so you need not take notes.

10th Cir. Pattern Jury Instruction, 1.03 (2011).

STIPULATED INSTRUCTION NO. 3

You, as jurors, are the judges of the facts.  But in determining what actually happened  –
that is, in reaching your decision as to the facts  –  it is your sworn duty to follow all of the rules
of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to
question the wisdom or correctness of any rule I may state to you.  You must not substitute or
follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply
the law as I explain it to you, regardless of the consequences.  However, you should not read into
these instructions, or anything else I may have said or done, any suggestion as to what your
verdict should be.  That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or
sympathy.  That was the promise you made and the oath you took.


10th Cir. Pattern Jury Instruction, 1.04 (2011).

STIPULATED INSTRUCTION NO. 4

The Government has the burden of proving John Tsosie guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find him not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning Mr. Tsosie's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If based on your consideration of the evidence, you are firmly convinced that Mr. Tsosie is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

10th Cir. Pattern Jury Instruction, 1.05 (2011).

# STIPULATED INSTRUCTION NO. 5

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

10th Cir. Pattern Jury Instruction, 1.06 (2011).

## STIPULATED INSTRUCTION NO. 6

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

10th Cir. Pattern Jury Instruction, 1.07 (2011).

STIPULATED INSTRUCTION NO. 7

I remind you that it is your job to decide whether the government has proved the guilt of John Tsosie beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including Mr. Tsosie] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection - like failure of recollection - is not uncommon.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

[Mr. Tsosie did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of the

United States grants to a defendant the right to remain silent.  That means the right not to testify or call any witnesses.  That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

10th Cir. Pattern Jury Instruction, 1.08 (2011).

STIPULATED INSTRUCTION NO.  8

John Tsosie did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt.  You must understand that the Constitution of the United States grants to a defendant the right to remain silent.  That means the right not to testify.  That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

<u>10th Cir. Pattern Jury Instructions</u> 1.08.1 (2011).

STIPULATED INSTRUCTION NO. 9

Mr. Tsosie has offered evidence of his reputation for good character. You should consider such evidence along with all other evidence in this case.

Evidence of good character may be sufficient to raise a reasonable doubt whether the defendant is guilty, because you may think it improbable that a person of good character would commit such a crime. Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by the defendant.

You should always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

10th Cir. Pattern Jury Instructions, 1.09 (2011)

STIPULATED INSTRUCTION NO. 10

During the trial you heard the testimony of Nancy Drez who expressed opinions concerning the alcohol impairment of John Tsosie and his blood alcohol content at the time of the crash at issue in this case. You also heard the testimony of Lauren Milligan who expressed opinions concerning his reconstruction of the crash. In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

10th Cir. Pattern Jury Instructions 1.17 (2011).

STIPULATED INSTRUCTION NO. 11

If you find John Tsosie guilty, it will be my duty to decide what the punishment will be.

You should not discuss or consider the possible punishment in any way while deciding your

verdict.

10th Cir. Pattern Jury Instructions, 1.20 (2011).

STIPULATED INSTRUCTION NO. 12

John Tsosie  is charged in Count 1 of the indictment with a violation of 18 U.S.C. § 1112.

This law makes it a crime to unlawfully kill a human being 1) while committing an unlawful act not amounting to a felony, or 2) while committing a lawful act in an unlawful manner, or without due caution and circumspection, which act might produce death.

To find the defendant guilty of this crime, you must be convinced that the government has proved beyond a reasonable doubt:

**First**:     That Mr. Tsosie caused the death of Manuel Johnson;

**Second**:     Manuel Johnson was killed while Mr. Tsosie was committing an unlawful act not amounting to a felony, that is while operating a motor vehicle while under the influence of alcohol or engaging in reckless driving as charged in the indictment;

**Third**:     That Mr. Tsosie is an Indian;

**Fourth**:     That the crime took place within Indian Country.

In order to prove this offense, the government need not prove that the defendant specifically intended to cause the death of the victim.  But it must prove more than that Mr. Tsosie was merely negligent or that he failed to use reasonable care. The government must prove gross negligence amounting to wanton and reckless disregard for human life.

You are instructed that the alleged involuntary manslaughter charged in Count 1 of the Indictment occurred within Indian Country if you find beyond a reasonable doubt that such offense occurred in the location described in the indictment.

10th Cir. Pattern Jury Instructions, 2.54.1 (2011) (adapted).

STIPULATED INSTRUCTION NO. 13

John Tsosie is charged in Count 2 of the indictment with a violation of 18 U.S.C. § 1112.

This law makes it a crime to unlawfully kill a human being 1) while committing an unlawful act not amounting to a felony, or 2) while committing a lawful act in an unlawful manner, or without due caution and circumspection, which act might produce death.

To find the defendant guilty of this crime, you must be convinced that the government has proved beyond a reasonable doubt:

*First*: That Mr. Tsosie caused the death of Loretta Johnson;

*Second*: Loretta Johnson was killed while Mr. Tsosie was committing an unlawful act not amounting to a felony, that is while operating a motor vehicle while under the influence of alcohol or engaging in reckless driving as charged in the indictment;

*Third*: That Mr. Tsosie is an Indian;

*Fourth*: That the crime took place within Indian Country.

In order to prove this offense, the government need not prove that the defendant specifically intended to cause the death of the victim. But it must prove more than that Mr. Tsosie was merely negligent or that he failed to use reasonable care. The government must prove gross negligence amounting to wanton and reckless disregard for human life.

You are instructed that the alleged involuntary manslaughter charged in Count 2 of the Indictment occurred within Indian Country if you find beyond a reasonable doubt that such offense occurred in the location described in the indictment.

10th Cir. Pattern Jury Instructions, 2.54.1 (2011) (adapted).

STIPULATED INSTRUCTION NO. 14

To satisfy the first element of involuntary manslaughter, the government must prove beyond a reasonable doubt that:

**First:** The deaths of Manuel and Loretta Johnson were a foreseeable result of John Tsosie's act;

**Second:** Mr. Tsosie's act was a significant cause of the deaths of Manuel and Loretta Johnson. Mr. Tsosie's act was a significant cause of death if it was an act which, in a natural and continuous chain of events, uninterrupted by an outside event, resulted in the deaths and without which the deaths would not have occurred.

There may be more than one significant cause of death. If the act of two or more persons significantly contribute to the cause of death, each act is a significant cause of death.

NMRA, Crim. UJI 14-251 (Modified).

STIPULATED INSTRUCTION NO. 15

The second element of involuntary manslaughter requires proof that Manuel and Loretta Johnson were killed while John Tsosie was committing an unlawful act not amounting to a felony. To find that the government has met this element you must be convinced beyond a reasonable doubt that Mr. Tsosie was either: (1) driving under the influence; and/or (2) driving recklessly.

18 U.S.C. § 1112.

STIPULATED INSTRUCTION NO. 16

To find Manuel and Loretta Johnson were killed while John Tsosie was driving under the

influence of alcohol, you must be convinced that the government has proved beyond a reasonable

doubt that:

*First:*     That Mr. Tsosie operated a motor vehicle;

*Second:*    At the time, Mr. Tsosie was under the influence of intoxicating liquor, that is,

as a result of drinking liquor he was less able to the slightest degree, either

mentally or physically, or both, to exercise the clear judgment and steady hand

necessary to handle a vehicle with safety to the person and the public;

*OR*

Within three hours of driving, Mr. Tsosie had a blood alcohol concentration of

eight one-hundredths (.08) grams or more in one hundred milliliters of blood;

and

*Third:*    This happened in the State of New Mexico on or about October 17, 2009.


NMRA, Crim. UJI 14-4501 and 14-14503 (Modified).[1]

---

[1]This instruction has been drafted to make clear that the question of whether Mr. Tsosie was driving under the influence pursuant to New Mexico law relates solely to the second element of involuntary manslaughter, that is, proof that the defendant was engaged in an unlawful act not amounting to a felony. This ensures that the jury is properly instructed on the standard for determining whether the defendant was engaged in an unlawful act without suggesting New Mexico law governing manslaughter is being assimilated. See United States v. Benally, 756 F.2d 773, 776 (10th Cir. 1985).

STIPULATE INSTRUCTION NO. 17

To find Manuel and Loretta Johnson were killed while John Tsosie was engaged in reckless driving, you must be convinced that the government has proved beyond a reasonable doubt that:

**First:**     Mr. Tsosie operated a motor vehicle;

**Second:**     Mr. Tsosie drove recklessly, that is that he drove carelessly and heedlessly in willful or wanton disregard of the rights or safety of others and without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property.

**Third:**     This happened in the State of New Mexico on or about October 17, 2009.

Evidence of Mr. Tsosie's intoxication may be considered by the jury as evidence of reckless driving.

NMRA, Crim. UJI 14-4504 (Modified).

State of New Mexico v. Eden, 108 N.M. 737, 742 (Ct. App. 1989).

United States v. Ladue, 208 Fed. Appx. 680, 684 (10th Cir. 2006) (collecting cases).

STIPULATED INSTRUCTION NO. 18

The third element of involuntary manslaughter requires proof that John Tsosie committed the acts alleged in the indictment in Indian Country.  The Court has found as a matter of law that Navajo Route 12 between mileposts 30 and 40 is within the Navajo reservation and therefore is Indian Country.  In determining if Mr. Tsosie committed the acts in Indian Country, you therefore need only determine whether the United States has proved beyond a reasonable doubt that he committed the acts alleged in the indictment between mileposts 30 and 40 on Navajo Route 12.


18 U.S.C. § 1151.

United States v. Roberts, 185 F.3d 1125, 1139-40 (10th Cir. 1999).

STIPULATED INSTRUCTION NO. 19

You will note that the indictment charges that the crime was committed on or about

October 17, 2009.  The government must prove beyond a reasonable doubt that John Tsosie

committed the crime reasonably near October 17, 2009.


10th Cir. Pattern Jury Instructions, 1.18 (2011).

## STIPULATED INSTRUCTION NO. 20

In a moment the courtroom deputy will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

[Explain the Verdict Form]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to Ms. Wild.  I will either reply in writing or bring you back into the court to respond to your message.  Under no circumstances should you reveal to me the numerical division of the jury.

10th Cir. Criminal Pattern Jury Instruction, 1.23 (2011).

STIPULATED INSTRUCTION NO. 21

Your verdict must be unanimous. Counts one and two of the indictment accuse the defendant of committing the following acts: unlawfully killing Manuel and Loretta Johnson while (a) driving under the influence of alcohol; and (b) engaging in reckless driving.

The government does not have to prove all of these different acts for you to return a guilty verdict on counts one and two.

But in order to return a guilty verdict, all twelve of you must agree upon which of the listed acts, if any, the defendant committed *and* that he committed at least one of the acts listed.

10th Cir. Criminal Pattern Jury Instruction, 1.24 (2011).