IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                 No. CR 10-0773 JB

JOHN LEONARD TSOSIE,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the United States' Motion in Limine for Pre-trial Determination of Indian Country Land Status, filed May 13, 2011 (Doc. 96)("Motion"). The Court held an evidentiary hearing on June 14, 2011.  The primary issue is whether the Court should determine that the stretch of road on which the collision that is the subject of this case occurred is located in Indian Country.  The Court grants the Motion, and the Court finds that Navajo Route 12 from mile posts 30 to 40 is within Indian Country.

**FACTUAL BACKGROUND**

The charges in this case arise from a fatal crash that occurred sometime before 5:11 a.m. on October 17, 2009.  Defendant John Leonard Tsosie was driving one of the vehicles involved in the crash.  Manuel Johnson was driving the other vehicle, and his wife, Loretta Johnson, was the passenger.  The collision allegedly occurred on Navajo Route 12 between mile posts 30 and 40. Neither of the Johnsons survived.

**PROCEDURAL BACKGROUND**

On March 24, 2010, a federal grand jury returned a two-count indictment charging Tsosie

with two counts of involuntary manslaughter for killing M. and L. Johnson while operating a motor vehicle while under the influence of alcohol, contrary to N.M.S.A. 1978, § 66-8-102, and driving recklessly, contrary to N.M.S.A. 1978, § 66-8-113, in violation of 18 U.S.C. §§ 1112 and 1153. See Indictment, filed March 24, 2010 (Doc. 1).

On May 13, 2011, Plaintiff United States of America filed its Motion. The United States asks the Court for a pre-trial determination that the stretch of road on Navajo Route 12 from mile posts 30 to 40 is within the exterior boundaries of the Navajo Nation and therefore is Indian Country for purposes of federal criminal jurisdiction. "Tsosie agrees that the Court should make a pre-trial ruling that Navajo Route 12 between mile posts 30 and 40 falls within the exterior boundaries of the Navajo reservation and therefore is Indian Country." Response to United States' Motion in Limine for Pre-trial Determination of Indian Country Land Status, at 2, filed May 26, 2011 (Doc. 98).

At the June 14, 2011 hearing, the United States presented testimony from Mike Halona, who is employed with the Navajo Land Department, which is responsible for determining the status of land within the boundaries of the Navajo Nation, such as whether land is held in trust or held by the Navajo Nation. See Transcript of Hearing at 4:22-5:18 (taken June 14, 2011)(Baker, Halona)("Tr.").[1] Halona testified that Navajo Route 12 between mile makers 30 and 40 is located within the boundaries of the Navajo Nation. See Tr. at 5:19-6:5 (Baker, Halona). Tsosie did not cross-examine Halona or otherwise contest his testimony. The Court therefore ruled that the stretch of highway is in Indian Country and stated that it would instruct the jury as such in its jury instructions.

---

[1] The Court's citations are to the Court Reporter's original, unedited version. A final version may contain slightly different line or page numbers.

## ANALYSIS

The Court concludes that, based on Halona's uncontested testimony, Navajo Route 12 from mile posts 30 to 40 is within the exterior boundaries of the Navajo Nation and therefore is within Indian Country.  The parties agree that the Court should make a pretrial determination whether Navajo Route 12 from mile posts 30 to 40 is within the exterior boundaries of the Navajo Nation and therefore is Indian Country.  To establish jurisdiction, the United States must prove that Tsosie "committed the crime within Indian Country." United States v. Visinaiz, 428 F.3d 1300, 1306 (10th Cir. 2005).  In United States v. Roberts, 185 F.3d 1125 (10th Cir. 1999), the United States Court of Appeals for the Tenth Circuit stated that, "as a general matter, the trial court decides the jurisdictional status of a particular property or area and then leaves to the jury the factual determination of whether the alleged crime occurred at the site." 185 F.3d at 1139.  While the Court usually hears the evidence at trial with the jury, there does not appear to be any problem with the Court hearing the evidence pretrial outside of the jury's presence and making the decision pretrial. The United States' uncontroverted evidence at the hearing demonstrated that the stretch of road is within Indian Country.  The Court therefore concludes that Navajo Route 12 from mile posts 30 to 40 is within Indian Country and will instruct the jury as such.

**IT IS ORDERED** that the  the United States' Motion in Limine for Pre-trial Determination of Indian Country Land Status, filed May 13, 2011 (Doc. 96), is granted, and the Court finds that Navajo Route 12 from mile posts 30 to 40 is within Indian Country.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Kyle T. Nayback
Mark T. Baker
   Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Samuel L. Winder
Albuquerque, New Mexico

    *Attorney for the Defendant*