IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                        No. CR 10-0773 JB

JOHN LEONARD TSOSIE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's First Motion in Limine, filed May 18, 2011 (Doc. 99)("Motion"). The Court held an evidentiary hearing on June 14, 2011. The primary issue is whether the Court should preclude Plaintiff United States of America from introducing Manual Johnson's medical photographs or Loretta Johnson's autopsy photographs at trial. Because the cause of death is not in dispute, the Court, pursuant to rules 401 and 403 of the Federal Rule of Evidence, grants the Motion.

## FACTUAL BACKGROUND

The charges in this case arise from a fatal crash that occurred sometime before 5:11 a.m. on October 17, 2009. Tsosie was driving one of the vehicles involved in the crash. Manuel Johnson was driving the other vehicle, and his wife, Loretta Johnson, was the passenger. Neither of the Johnsons survived.

## PROCEDURAL BACKGROUND

On March 24, 2010, a federal grand jury returned a two-count indictment charging Tsosie with two counts of involuntary manslaughter for killing M. and L. Johnson while operating a motor

vehicle while under the influence of alcohol, contrary to N.M.S.A. 1978, § 66-8-102, and driving recklessly, contrary to N.M.S.A. 1978, § 66-8-113, in violation of 18 U.S.C. §§ 1112 and 1153. See Indictment, filed March 24, 2010 (Doc. 1). On May 26, 2011, Tsosie filed his Motion, asking the Court to preclude the United States from introducing the Johnsons' autopsy photographs. He asserts that the United States provided him fourteen autopsy photographs of L. Johnson and had previously provided autopsy photographs of M. Johnson. Tsosie contends that photographs are neither relevant nor probative, and that they are unduly prejudicial. The United States responds that Tsosie is not entitled to prevent the jury from seeing the injuries he allegedly inflicted and that the photographs are therefore probative. See United States' Response to Defendant's First Motion in Limine, filed June 9, 2011 (Doc. 105)("Response"). The United States contends that "[t]he photographs of Manuel and Loretta Johnson are not *unfairly* prejudicial. They show the devastating consequences of Defendant's conduct that led to the charges against him, and there is no reasonable basis for denying the jury the right to fully appreciate those consequences." Response at 1 (emphasis original).

      At the June 14, 2011 hearing, Tsosie argued in support of his Motion. Tsosie asserted that there is no dispute how the Johnsons died, robbing the photographs of probative value. The United States asserted that it seeks to present autopsy photographs of L. Johnson, but that the photographs it seeks to present to the jury of M. Johnson are of his medical treatment after the collision, and are not autopsy photographs. See Transcript of Hearing at 34:9-19 (taken June 14, 2011)(Court, Baker)("Tr.").[1] The United States further stated that it had cut down the number of photographs that it planned to show of each alleged victim and that it planned to introduce four photographs of each

---

[1] The Court's citations are to the Court Reporter's original, unedited version. A final version may contain slightly different line or page numbers.

of the Johnsons.  See Tr. at 34:17-18 (Baker).  The United States contended the photographs will assist the jury in understanding the nature and extent of the injuries the Johnsons suffered, and assist the Medical Investigator to testify about L. Johnson's wounds.  The United States asserted that it must prove the cause of death and that photographs will assist in meeting its burden.

Tsosie's counsel, Samuel L. Winder, asserted that the cause of death is not in dispute and that the photographs would serve only to inflame the jury.  See Tr. at 38:17-22 (Winder).  Mr. Winder further argued that the United States will have witness testimony about the Johnsons' cause of death, which will provide the same information with less risk of undue prejudice.  See Tr. at 40:8-9 (Winder).  Mr. Winder further contended that the United States Court of Appeals for the Tenth Circuit has previously "spanked" him in United States v. Pettigrew, 468 F.3d 626 (10th Cir. 2006), when he, working as a prosecutor, introduced victim photographs.  Tr. at 39:23 (Winder).  Mr. Winder asks the Court to exercise its discretion to prohibit the United States from introducing the photographs.  See Tr. at 40:5-7 (Winder).

In response to the Court's query whether the parties would stipulate to the cause of the Johnsons' death, Tsosie stated that "there's no dispute in this case as to how they died." Tr. at 42:18-19.  The United States responded that Tsosie should not be permitted "to cabin the presentation to the jury based on a stipulation as the consequences of [his] conduct," and that it is appropriate to show the jury the consequences of Tsosie's alleged actions.  Tr. at 41:1-16 (Baker).

## ANALYSIS

The Court grants the Motion, because the parties do not dispute that the Johnsons died as a result of their injuries from the collision.  "[T]he district judge must balance the prejudicial effect of the photographs against their probative value, an exercise of discretion that is rarely disturbed." United States v. Treas-Wilson, 3 F.3d 1406, 1410 (10th Cir. 1993).  While the United States has the

burden of proving that the Johnsons died as a result of the collision, Tsosie concedes this point. Because the cause of death is undisputed, the photographs do not make "the existence of any fact that is of consequence to the determination of the action <u>more probable or less probable</u> than it would be without the evidence." Fed. R. Evid. 401 (emphasis added). Moreover, the prejudicial effect of graphic photographs of M. Johnson's medical treatment and L. Johnson's autopsy substantially outweighs whatever probative value the photographs may have. <u>See</u> Fed. R. Evid. 403. The Court therefore grants the Motion, and prohibits the United States from introducing the Johnsons' autopsy or medical photographs.

The Court cannot require the United States to stipulate with Tsosie that the Johnsons died as a result of the accident, so the issue remains one which the United States continues to bear the burden of proof. The witnesses can orally testify to this fact. If Mr. Walker in his questioning or otherwise implies that the Johnsons did not die as a result of the accident, the United States may reapproach the Court, and it will reconsider whether to allow the United States to use the contested photographs to support meeting it burden of proof.

**IT IS ORDERED** that the Defendant's First Motion in Limine, filed May 18, 2011 (Doc. 99), is granted, without prejudice to Plaintiff United States of America reapproaching the Court about the issue if the Defendant attempts to imply that the alleged victims did not die as a result of the accident.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Kyle T. Nayback
Mark T. Baker
   Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Samuel L. Winder
Albuquerque, New Mexico

    *Attorney for the Defendant*