IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                                         No. CR 10-0773 JB

JOHN LEONARD TSOSIE,

    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion in Limine to Prohibit Improper Comment by Defense Counsel and to Limit Trial Testimony to Admissible Evidence, filed June 6, 2011 (Doc. 102)("Motion"). The Court held a hearing on June 14, 2011. The primary issue is whether the Court should prohibit Defendant John Leonard Tsosie's counsel, Samuel L. Winder, from: (i) mentioning that he is a former Assistant United States Attorney ("AUSA"); (ii) mentioning that he and Tsosie are Native Americans; (iii) referring to his personal experience driving on the roadway; (iv) discussing Tsosie's pretrial release from custody; (v) discussing that Tsosie is a single-parent and his work as a domestic violence advocate;[1] and (vi) requesting discovery in the presence of the jury. The Court grants the Motion in part and denies it in part. Because Tsosie does not object to portions of Plaintiff United States of America's Motion, the Court will grant the United States' request that Mr. Winder be prohibited from: (I) referring to his personal experience driving on the roadway; (ii) discussing Tsosie's pretrial release from custody; and (iii) requesting discovery in the presence of the jury. The Court will allow Mr. Winder to mention his status as a former

---

[1] Tsosie is the founder of a group called the Walking the Path, the purpose of which is to raise awareness and educate people with regard to domestic violence and child abuse.

AUSA and that he and Tsosie are Native Americans during voir dire to explore whether these factors implicate any biases or prejudices among the jury pool. The Court will allow Mr. Winder to introduce briefly that Tsosie is a single parent and domestic violence advocate if he takes the stand to testify at trial.

## FACTUAL BACKGROUND

The charges in this case arise from a fatal crash that occurred sometime before 5:11 a.m. on October 17, 2009. Tsosie was driving one of the vehicles involved in the crash. Manuel Johnson was driving the other vehicle, and his wife, Loretta Johnson, was the passenger. Neither of the Johnsons survived.

## PROCEDURAL BACKGROUND

On March 24, 2010, a federal grand jury returned a two-count indictment charging Tsosie with two counts of involuntary manslaughter for killing M. and L. Johnson while operating a motor vehicle while under the influence of alcohol, contrary to N.M.S.A. 1978, § 66-8-102, and driving recklessly, contrary to N.M.S.A. 1978, § 66-8-113, in violation of 18 U.S.C. §§ 1112 and 1153. See Indictment, filed March 24, 2010 (Doc. 1).

On June 6, 2011, the United States filed its Motion, asking the Court to prohibit Mr. Winder from referencing certain matters. In particular, the United States requests that the Court prohibit Mr. Winder from: (I) mentioning that he is a former AUSA; (ii) mentioning that he and Tsosie are Native American; (iii) referring to his personal experience driving on the roadway; (iv) discussing Tsosie's pretrial release from custody; (v) discussing Tsosie's role as a single-parent and his work as a domestic violence advocate; and (vi) requesting discovery in the presence of the jury. In response, Tsosie does not object to some of the United States' requests, stating that: (I) Mr. Winder "will not refer to his personal experience driving on the roadway"; (ii) "the defense will not discuss

that [Tsosie] was released from custody," other than possibly mentioning the activities in which he engaged during pretrial release without referring to the time period in which the activities occurred; and (iii) "defense counsel will not request discovery in the presence of the jury."  Defendant's Response to United States' Motion in Limine to Prohibit Improper Comment by Defense Counsel and to Limit Trial Testimony to Admissible Evidence ¶ 2, at 1-2, filed June 13, 2011 (Doc. 109)("Response").  Tsosie objects, however, to the United States' other requests.  In particular, Tsosie contends his and Mr. Winder's status as a Native Americans, and Mr. Winder's status as a former AUSA, are relevant to conducting voir dire and ascertaining whether jurors know Mr. Winder, and to determining whether Mr. Winder's status as a former AUSA, or his and Tsosie's status as Native Americans may implicate the knowledge, prejudices, or biases of members of the jury pool.  Tsosie further contends that the "Court should allow him to give a brief description of his current employment and duties," including being a single father and a domestic violence advocate.  Response ¶ 8, at 4.

At the June 14, 2011 hearing, Tsosie stated that he sought to introduce his and Mr. Winder's status as Native Americans, and Mr. Winder's status as a former AUSA only during voir dire for the limited purpose of determining whether these factors implicate any knowledge, prejudices, or biases among the jury pool.  See Transcript of Hearing at 44:17-20 (Winder)("I would never under any circumstances make any argument to the jury at the trial about my status as a former A.U.S.A. or Native American.  It's simply for the voir dire process, Your Honor.")("Tr.").[2]  The Court proposed that, during voir dire, the Court would call on Mr. Winder, who would introduce himself and Tsosie, and allow Mr. Winder to further briefly state his background, including that he was

---

[2] The Court's citations to the transcript are to the Court reporter's original, unedited version. A final version may have slightly different line or page numbers.

formerly an AUSA -- or, if Mr. Winder does not state that he is a former AUSA, the Court would say so -- and then the Court would ask if any of the members of the jury pool know him. See Tr. at 46:5-11, 47:1-11 (Court). Mr. Winder agreed to the Court's proposal, but the United States objected. See Tr. at 47:11-48:5 (Court, Winder, Nayback). The Court ruled that it would follow the procedure it proposed. See Tr. at 52:12-18 (Court).

The United States requested at the hearing that the Court explain during voir dire that, because the alleged crime occurred on Indian Country and Tsosie is a Native American, this case must be brought in federal Court, and that the Court then "ask in maybe one or two questions whether there's any bias against Native Americans, that would put the end to it." Tr. at 49:11-24 (Nayback). Mr. Winder requested, however, that "the Court allow [him] to go into some of those issues in voir dire with regard to my representation of tribes." Tr. at 51:8-15 (Winder). The Court ruled that it would allow Mr. Winder to introduce his work with tribes, and that he and Tsosie are Native Americans, and explore those issues with the jury during voir dire. See Tr. 52:19-53:1 (Court). The Court also stated that it was inclined to explain the Court's jurisdiction to the jury and directed the parties to prepare a statement for the Court to use.

Mr. Winder confirmed that he does not object to the United States' request that he: (I) not refer to his experience driving on the roadway; and (ii) not discuss Tsosie's pretrial release. See Tr. at 53:2-17 (Court, Winder). Accordingly, the Court ruled that it would grant those portions of the United States' Motion. See Tr. at 53:18-19 (Court). Any reference to Tsosie's pretrial activities will not reveal the time when the activity occurred to prevent revealing his pretrial release. See Tr. at 59:7-11 (Court).

With regard to the United States' request that Mr. Winder not mention that Tsosie is a single father or a domestic violence advocate, Mr. Winder argued that the "jury should have an opportunity

to know who my client is . . . if he takes the stand." Tr. at 53:22-54:1 (Winder).  The United States asserted that its concern is that Mr. Winder would discuss that Tsosie is a single parents during his opening or closing argument, and conceded that, if Tsosie testifies, "the defendant has great latitude to talk about what he likes." Tr. at 58:1-6 (Nayback).  Mr. Winder agreed that he would not discuss these matters during his opening or closing, but that, if Tsosie takes the stand, the Court will give Mr. Winder some latitude at the beginning of his direct examination to briefly introduce Tsosie, including that he is a single parent and domestic violence advocate.  See Tr. at 58:7-14 (Court, Winder).

## ANALYSIS

The Court will grant in part and deny in part the United States' Motion.  Because Tsosie does not object to some of the United States requests, the Court will grant the United States' requests that Mr. Winder be prohibited from: (I) referring to his personal experience driving on the roadway; (ii) discussing Tsosie's pretrial release from custody; and (iii) requesting discovery in the presence of the jury.  The Court will allow Mr. Winder to introduce during voir dire his status as a former AUSA to determine whether any of the jury pool know him, and that he and Tsosie are Native Americans to explore whether these factors implicate any prejudices or biases among the jury pool.  In accordance with Tsosie's concessions in his response and at the hearing, the Court will allow him to briefly introduce that he is a single parent and domestic violence advocate if he takes the stand to testify.

**I.     THE COURT GRANTS THE PORTIONS OF THE UNITED STATES' MOTION TO WHICH TSOSIE DOES NOT OBJECT.**

Tsosie does not object to portions of the United States' Motion.  In particular, Tsosie asserts that: (I) Mr. Winder "will not refer to his personal experience driving on the roadway," Response

¶ 2, at 1-2; (ii) "the defense will not discuss that [Tsosie] was released from custody," Response ¶ 2, at 1-2, and Tsosie "does not intend tender any testimony that 'he is released from custody, is free to travel for work with the permission of the Court or the passage of time since the indictment,'" Response ¶ 7, at 4; and (iii) "defense counsel will not request discovery in the presence of the jury," Response ¶ 2, at 1-2.  Because Tsosie agrees to these requests, the Court grants these portions of the United States' Motion.  Tsosie may refer to actions he took during his pretrial release, but should not refers to dates, so that the jury does not learn that he is on release.

## II.     THE COURT WILL PERMIT MR. WINDER TO INTRODUCE HIS STATUS AS A FORMER AUSA, AND HIS AND TSOSIE'S STATUS AS NATIVE AMERICANS, FOR THE LIMITED PURPOSE OF VOIR DIRE.

The Court will allow Tsosie to introduce Mr. Winder's status as a former AUSA and as a Native American during voir dire, for the limited purpose of determining whether members of the jury pool know him, and whether these matters implicate their biases.

> The United States asserts that any arguments regarding the Defendant's status as a Native American or defense counsel's status as a Native American are irrelevant, may tend to confuse the jury, could tend to suggest that his [sic] status cloaks him [sic] with unique standing to question the United States' charging decisions, and may improperly suggest that the United States' actions in this case are motivated by bad faith.  Of course, Defendant's status as a Native American is a jurisdictional prerequisite, but beyond that, his status as a Native American is irrelevant to the indicted charges.

Motion ¶ 4, at 4.  In response, Mr. Winder asserts that "counsel's [and] the Defendant's racial, and ethic status is a proper topic for voir dire to avoid potential bias."  Response ¶ 5, at 3-4.  Mr. Winder notes that, in a prior case, a member of the jury pool announced her prejudice against Native Americans and was excused.  See Response ¶ 3, at 2. Mr. Winder further states:

> In the [United States v. Diaz, CR No. 09-1578 LH] matter, the Honorable C. LeRoy Hansen denied the United States' motion and concluded "that Defense Counsel will be permitted to mention his former employment as well as his status as a Native American, during the voir dire process, but not during any portion of the trial. (Doc.

> 106). In two other cases, the Honorable M. Christina Armijo ruled in a similar fashion in United States v. Keith Mutte, CR. No. 09-2983 MCA and United States v. Monteo Ruiz, CR. No. 09-3448 MCA.

Response ¶ 6, at 4. See United States v. Diaz, CR No. 09-1578 LH, Order (D.N.M. February 11, 2010)(Doc. 106)("The Court, having considered the motion, response and reply, concludes that Defense Counsel will be permitted to mention his former employment as well as his status as a Native American, during the voir dire process, but not during any other portion of the trial."). The Court has also observed jurors -- some Native American -- talk about concerns regarding Native Americans drinking and driving, and heard individuals express stereotypes about Native Americans. Tsosie should be able to explore these thoughts and beliefs. The Court agrees with the other judges of the District of New Mexico that Tsosie should be permitted to introduce this information for the limited purposes of voir dire. The Court will not otherwise permit Tsosie to discuss Mr. Winder's status as a former AUSA, or that Mr. Winder and Tsosie are Native American. See Solorio v. Atchinson, Topeka and Santa Fe Ry. Co., 224 F. 2d 544, 547 (10th Cir. 1955)("[S]trong appeals in the course of argument to sympathy, or appeals to passion, racial, religious, social, class, or business prejudice lie beyond the permissive range of propriety."). The Court concludes that, during voir dire, it will call on Mr. Winder, who will introduce himself and Tsosie, and briefly state his background, including that he was formerly an AUSA, or, if Mr. Winder does not state that he is a former AUSA, the Court will so state, and then the Court will ask if any of the members of the jury pool know him. See Tr. at 46:5-11, 47:1-11 (Court). If there are any positive responses, the Court will allow appropriate follow up. The Court will also allow Mr. Winder to introduce his work with Indian tribes, and that he and Tsosie are Native Americans, and explore those issues during voir dire. Some people do not like Indian gaming, and Mr. Winder should be able to discuss these concerns.

### III. IF TSOSIE TESTIFIES, THE COURT WILL NOT PROHIBIT HIM FROM MENTIONING THAT HE IS A SINGLE PARENT, AND HIS WORK AS A DOMESTIC VIOLENCE ADVOCATE.

The Court will permit Tsosie, if he takes the stand to testify, to introduce that he is a single parent and that he has worked as a domestic violence advocate. The United States argues: "During trial, evidence of what the Defendant did for employment before the fatal collision or what he currently does, is irrelevant to whether he committed the crime. In addition, the defendant's parental responsibilities are not relevant to the defendant's guilt and could only be intended to evoke jury sympathy." Motion ¶ 6, at 4-5. Tsosie responds that the "Court should allow him to give a brief description of his current employment and duties, including his work as a domestic violence advocate. The description will not be lengthy." Response ¶ 8, at 4. At the hearing, Tsosie further stated that he would only refer to being a single parent and being a domestic violence advocate if he takes the stand. The United States does not object to Tsosie providing this background information if he takes the stand, conceding that, if he testifies, "the defendant has great latitude to talk about what he likes." Tr. at 58:1-6 (Nayback). The Court believes that, if Tsosie takes the stand, he may appropriately give a brief introduction of his background information, including that he is a single parent and a domestic violence advocate. United States v. Condrin, 473 F.3d 1283, 1286 n.2 (10th Cir. 2007)("Background evidence 'is universally offered and admitted as an aid to understanding.'" (citing Fed. R. Evid. 401 advisory committee's note)). In accordance with Tsosie's concessions in his response and at the hearing, the Court will allow him to briefly introduce that he is a single parent and domestic violence advocate if he takes the stand to testify.

**IT IS ORDERED** that the United States' Motion in Limine to Prohibit Improper Comment by Defense Counsel and to Limit Trial Testimony to Admissible Evidence, filed June 6, 2011 (Doc. 102), is granted in part and denied in part. Because Defendant Leonard Tsosie does not object to

portions of the United States' Motion, the Court grants the United States' request that Tsosie's counsel, Samuel Winder, be prohibited from: (i) referring to his personal experience driving on the roadway; (ii) discussing Tsosie's pretrial release from custody; and (iii) requesting discovery in the presence of the jury.  The Court will allow Mr. Winder to mention his status as a former AUSA and that he and Tsosie are Native Americans during voir dire to explore whether these factors implicate any knowledge, biases, or prejudices among the jury pool.  The Court will allow Mr. Winder to introduce briefly that Tsosie is a single parent and domestic violence advocate if he takes the stand to testify at trial.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Kyle T. Nayback
Mark T. Baker
   Assistant United States Attorneys
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Samuel L. Winder
Albuquerque, New Mexico

      *Attorney for the Defendant*