IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.    No. CR 10-0773 JB

JOHN LEONARD TSOSIE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Second Motion in Limine, filed June 9, 2011 (Doc. 106)("Motion"). The Court held a hearing on June 14, 2011. The primary issues are whether the Court should prohibit Plaintiff United States of America from: (i) referencing Father's Day; (ii) limit testimony about the alleged victims, Manuel Johnson and Loretta Johnson, beyond that they were married; and (iii) introducing photographs of the Johnsons predating the accident. The Court grants the Motion in part and denies it in part. Based on the United States' representation at the hearing that it will not mention Father's Day, the Court will prohibit the United States from mentioning that holiday. While Tsosie objected in his Motion to the United States referring to the Johnsons' relationship beyond that they were married, at the hearing he withdrew his request, and the Court therefore will not limit the United States to mentioning only that the Johnsons were married. The Court will not allow the United States to introduce photographs of the Johnsons, because the photographs are not relevant to any issue that is in dispute.

## FACTUAL BACKGROUND

The charges in this case arise from a fatal crash that occurred sometime before 5:11 a.m. on

October 17, 2009.  Tsosie was driving one of the vehicles involved in the crash.  Manuel Johnson was driving the other vehicle, and his wife, Loretta Johnson, was the passenger.  Neither of the Johnsons survived.

## PROCEDURAL BACKGROUND

On March 24, 2010, a federal grand jury returned a two-count indictment charging Tsosie with two counts of involuntary manslaughter for killing M. and L. Johnson while operating a motor vehicle while under the influence of alcohol, contrary to N.M.S.A. 1978, § 66-8-102, and driving recklessly, contrary to N.M.S.A. 1978, § 66-8-113, in violation of 18 U.S.C. §§ 1112 and 1153.  See Indictment, filed March 24, 2010 (Doc. 1).

On June 9, 2011, Tsosie filed his Motion, asking that the Court "preclude the Government from the making any mention of Father's Day and limit testimony concerning the alleged victims to the fact they were married."  Motion at 1; id. ¶ 1, at 1 ("Mr. Tsosie requests this Court issue an Order that the Assistant United States Attorneys make no reference to June 19, 2011 being Father's Day in any matter at trial.").  The United States did not respond to the Tsosie's Motion before the June 14, 2011 hearing.

At the June 14, 2011 hearing, the United States represented that it does not intend to mention that June 19, 2011, the day before the trial was scheduled to begin, was Father's Day.  See Tr. at 60:11-15 (Court, Nayback).  The United States requested latitude to explain who the Johnsons were, including that they were married, so that the jury can understand the impact of Tsosie's alleged crime.  See Tr. at 61:21-22 (Nayback).  The United States asserted that it intends to have M. Johnson's brother and L. Johnson's sister testify, and that each will present a photograph of the Johnsons and discuss who they were.  See Tr. at 60:23-61:8 (Nayback).  The United States stated that M. Johnson will be wearing a Veterans of Foreign Wars uniform in one of the photographs,

which is of the Johnsons together. See Tr. at 61:8-10 (Nayback). The second photograph is of L. Johnson with her parents and sisters. See Tr. at 65:22-23 (Nayback). The United States represented that it would not object to using only one photograph. See Tr. at 65:17-19 ("THE COURT: Is there just one photograph? MR. NAYBACK: There's two but I would happy now to narrow it to one."). Tsosie stated that he did not object to the United States presenting limited testimony introducing who the Johnsons were, including that they were married, but that he objected to introducing photographs of the Johnsons. See Tr. at 62:4-12 ("MR. WINDER: . . . . I would object to the United States introducing any photographs of Mr. and Mrs. Johnson. Now, they can move forward with their limited testimony . . . ."); id. at 66:20-23 ("THE COURT: Well we've worked out it sounds like all the testimony [and] you don't have any objection to the testimony, it's just the picture now. MR. WINDER: Yes, Your Honor."). Tsosie also had no objection to the United States mentioning that the Johnsons were traveling to a Navajo Nation's fair the morning of the collision. See Tr. at 64:17-18 (Court, Winder). Samuel L. Winder, Tsosie's counsel, asserted that the United States Court of Appeals for the Tenth Circuit "spanked" him for presenting a picture of a victim to a jury when he was a Assistant United Stated Attorney ("AUSA"). Tr. at 39:22-24 (Winder).

## ANALYSIS

Tsosie originally requested that the Court prohibit the United States from referencing Father's Day and requested that the Court limit testimony about the Johnsons' relationship to stating that they were married. At the hearing, The United States stated that it did not intend to mention Father's Day, see Tr. at 60:11-15 (Court, Nayback), and Tsosie withdrew his request that the United States not discuss the Johnsons' relationship, see Tr. at 62:4-12 ("MR. WINDER: . . . . I would object to the United States introducing any photographs of Mr. and Mrs. Johnson. Now, they can move forward with their limited testimony . . . ."); id. at 66:20-23 ("THE COURT: Well we've

worked out it sounds like all the testimony [and] you don't have any objection to the testimony, it's just the picture now. MR. WINDER: Yes, Your Honor."). The Court therefore grants the Motion in part and denies it in part. In accordance with the parties' concessions, the Court prohibits the United States from mentioning that June 19, 2011 is Father's Day, and the Court denies Tsosie's request that the Court limit the United States to mentioning only that the Johnsons were married, because the Johnsons' relationship is relevant to introducing background information about who they were. See United States v. Condrin, 473 F.3d 1283, 1286 n.2 (10th Cir. 2007)("Background evidence 'is universally offered and admitted as an aid to understanding.'" (citing Fed. R. Evid. 401 advisory committee's note)). Tsosie may renew his request if the United States elicits testimony that he believes is designed to invoke the jury's sympathy, rather than just introduce the Johnsons.

Tsosie presented a new argument at the hearing that the United States should not be permitted to introduce photographs of the Johnsons, contending that the Tenth Circuit previously admonished him for introducing a photograph of a victim when he was an AUSA in its opinion in United States v. Pettigrew, 468 F.3d 626 (10th Cir. 2006). The United States asserted that it should have some latitude to introduce background information about the Johnsons, including showing a photograph of the couple and a picture of L. Johnson with her family, and that the photograph was relevant to the United States "prov[ing] that they were alive before they were killed." Tr. at 65:2-3 (Nayback).

The Court will allow the United States to introduce one photograph of the victims, because a photograph is relevant to identifying the Johnsons. "[T]he district judge must balance the prejudicial effect of the photographs against their probative value, an exercise of discretion that is rarely disturbed." United States v. Treas-Wilson, 3 F.3d 1406, 1410 (10th Cir. 1993). In United States v. Pettigrew, the Tenth Circuit held that a district court did not abuse its discretion when it

allowed the United States to present photographs of a victim before the crime. The defendant was on trial for involuntary manslaughter of a mother and assault against members of mother's family arising from automobile accident. The Tenth Circuit decided that photograph of the mother, while living and with other members of her family, were not unduly prejudicial, but the manner in which the United States displayed the photograph troubled the Tenth Circuit. The Tenth Circuit stated:

> At trial, the Government sought to admit into evidence a photograph depicting all four members of the Beasley family, including Carrie Beasley while she was living. Mr. Pettigrew objected, arguing that it was not offered for any proper purpose and that it would be unduly prejudicial. The District Court stated that it would allow the photo to be admitted for the purpose of identification of the victims. Despite this ruling, the Government did not actually move the photo into evidence. Instead, <u>the Government merely displayed the photo during its opening statement, used it to establish Ms. Beasley's identity through the testimony of Mr. Beasley, and displayed it again during its closing arguments</u>. The jury convicted Mr. Pettigrew on all counts.
>
> . . . .
>
> Mr. Pettigrew next challenges the display of the family photograph at trial. He argues that the District Court's admission of the photo was unfairly prejudicial and warrants a new trial. Fed. R. Evid. 403. The admission of photographs into evidence is reviewed for an abuse of discretion. <u>United States v. Treas-Wilson</u>, 3 F.3d 1406, 1410 (10th Cir. 1993). "[T]he district judge must balance the prejudicial effect of the photographs against their probative value, an exercise of discretion that is rarely disturbed." <u>Id.</u>
>
> A photograph of a victim while living is admissible to prove the identity of the victim. <u>See</u> <u>United States v. Joe</u>, 8 F.3d 1488, 1499 (10th Cir. 1993). The District Court acknowledged that a photo of the victim could stir up sympathy and emotions in the jurors, but concluded that any prejudice did not substantially outweigh its probative value since the Government had the burden to establish the identity of the victim. The court also cautioned the jury to "base your verdict solely upon the evidence without prejudice or sympathy," a sentiment echoed by the prosecutor during his closing argument.
>
> We cannot say that the District Court abused its discretion in permitting the jury to see the photo during several phases of the trial. We are troubled by the Government's decision to display a photo of Carrie Beasley with the rest of her family and refer to it while saying that she did not make it home that night. But all four of the individuals depicted in the photo were victims in the crime. Three of

> them -- including Carrie Beasley -- did not appear in court. "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter . . . ." United States v. Sides, 944 F.2d 1554, 1563 (10th Cir. 1991) (quotation omitted). Accordingly, we will not disturb the District Court's balancing of these factors. That said, <u>we must admonish the Government -- the proffering of a photograph of the deceased victim, while living and posed with her family, as opposed to a photo depicting only the decedent, "needlessly pushes the prosecutorial envelope, and could, if coupled with errors not present here, jeopardize a conviction."</u> United States v. Jones, 24 Fed. Appx. 968, 975 (10th Cir. 2001).

468 F.3d at 632, 638 (emphasis added). The Tenth Circuit thus held that photographs of victims who do not appear in court may be "[r]elevant evidence" for use in establishing the identity of the victims. The Tenth Circuit cautioned against inflammatory statements, such as "saying that she did not make it home that night," and displaying a victims photograph during opening and closing arguments. 468 F.3d at 638

The Court concludes that a photograph of the Johnsons could be "admissible to prove the identity of the victim[s]." United States v. Pettigrew, 468 F.3d at 638 (citing United States v. Joe, 8 F.3d at 1499). Unlike the prosecution in United States v. Pettigrew, the United States does not appear to intend to display the Johnsons' photographs during its opening and closing arguments, but only during the testimony of the Johnsons' family members. Nonetheless, the Court heeds the Tenth Circuit's admonishment in United States v. Pettigrew and will not permit the United States to present photographs of the Johnsons, because the photographs do not appear to be make any issue in dispute more or less likely. The United States does not contend that the identity of the victims is contested; rather, the United States contends that the photographs are relevant to "prov[ing] that they were alive before they were killed." Tr. at 65:2-3 (Nayback). That the Johnsons were alive before they were dead is not in dispute. "Consequently, the Court will not allow the evidence for

the phantom issue of establishing" that the Johnsons were once alive. United States v. Romero, No. CR 09–1253 JB, 2011 WL 1103862, at *8 (D.N.M. Mar. 9, 2011)(Browning, J.)(citing United States v. Velarde, No. CR 98–0391 JB, 2008 WL 5993210, at *38 (D.N.M. May 16, 2008)(Browning, J.)("While Velarde has articulated one or more proper purposes, the more serious issue is whether Velarde truly needs the newly discovered evidence to prove these legitimate issues. In other words, are these issues 'phantom' issues or real issues."). The Court will therefore not allow the United States to introduce the photographs of the Johnsons. The Court's decision is without prejudice to the United States renewing its request to admit the photographs at trial if they prove relevant to an issues in dispute, such as if Tsosie suggests -- through cross examination or otherwise -- that the Johnsons were not the victims or that they were not alive before their death. Otherwise, the only purpose is to increase sympathy for the victims, and the Court should not admit the photographs for that purpose. See Tenth Circuit Pattern Jury Instructions Criminal § 1.04, at 9 (2011 Edition)("It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.").

**IT IS ORDERED** that the Defendant's Second Motion in Limine, filed June 9, 2011 (Doc. 106), is granted in part and denied in part. The Court prohibits Plaintiff United States of America from mentioning that June 19, 2011, the day before the trial is scheduled to begin, is Father's Day, and denies Defendant Leonard Tsosie's request that the Court limit the United States to introducing information about the Johnsons' relationship beyond that they were married. The Court's order is without prejudice to Tsosie objecting to the United States eliciting irrelevant or otherwise inadmissible evidence about the Johnsons' relationship if the introduction goes too long. The Court will not allow the United States to present photographs of the Johnsons from before the collision,

because the photographs are not relevant to any issues in dispute, and the Court's order is without prejudice to the United States renewing its request to introduce the photographs if Tsosie contests an issue at trial that makes the photographs probative.

                                                                         _____
                                                                         UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Kyle T. Nayback
Mark T. Baker
  Assistant United States Attorneys
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Samuel L. Winder
Albuquerque, New Mexico

      *Attorney for the Defendant*